UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORREY GRAGG, on his own behalf and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware corporation d/b/a TAXI MAGIC,<br><br>Defendants. | Case No.<br><br>NOTICE OF REMOVAL<br><br>(King County Superior Court, No. 12-2-07780-1) |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants Orange Cab Company, Inc. ("Orange Cab") and Ridecharge, Inc., d/b/a Taxi Magic ("Ridecharge"), hereby remove to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 12-2-07780-1 SEA in the Superior Court of Washington for King County.

Removal is proper on the following grounds:

**Removal Is Timely**

1. Plaintiff filed this action on March 5, 2012.

2. Plaintiff first served Orange Cab with a copy of the Complaint on March 6, 2012. Plaintiff first served Ridecharge with a copy of the Complaint on March 6, 2012. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants are filing the notice of

NOTICE OF REMOVAL
(No.          ) — 1
DWT 19266314v2 0050033-001542

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

removal within thirty days after completion of service.

## This Is a Proposed "Class Action"

3. Plaintiff brings this case as a class action, Compl. ¶¶ 19-29, and seeks certification of a class under Washington Superior Court Civil Rule 23. *Id*. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

## Diversity of Citizenship Exists

4. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." The named plaintiff is a citizen of Washington. Compl. ¶ 5. Ridecharge is a citizen of Delaware and Virginia because it a Delaware corporation with its principal offices in Alexandria, Virginia. Forsythe Decl. ¶ 5; 28 U.S.C. § 1332(c)(1).

## Plaintiff Proposes a Class of More than 100 Persons

5. In the Complaint, Plaintiff asserts a cause of action under the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*, based on violation of the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.010 *et seq*. Compl. ¶¶ 30-41. Plaintiff asserts this cause of action on behalf of himself and "[a]ll residents of Washington State with a cellular telephone number or pager number to which an electronic commercial text message was transmitted by a Defendant, or someone acting on behalf of a Defendant, without prior express consent." *Id*. ¶ 19.

6. Plaintiff alleges that "defendants sent the text messages to numerous consumers in Washington state." *Id.* ¶ 18. Ridecharge's business records show that it sent text messages the same or substantially similar to those alleged in the Complaint to more than 100 of Orange Cab's Washington customers. Forsythe Decl. ¶ 4. The number of persons in the proposed class therefore exceeds 100. 28 U.S.C. § 1332(d)(5)(B).

NOTICE OF REMOVAL
(No.        ) — 2
DWT 19266314v2 0050033-001542

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**The Amount in Controversy Exceeds $5,000,000**

7. "In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). The Court may consider facts in the removal petition to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

8. Plaintiff seeks to recover, among other damages, "no less than $500 per violation of RCW 19.86.010, *et seq* [sic], and RCW 19.190.010, *et seq*." Compl., Prayer for Relief ¶ B. Plaintiff further seeks "punitive and/or treble damages to the fullest extent allowed by law" and "attorneys' fees, as authorized by the Washington Consumer Protection Act." *Id.* ¶¶ E-F. The Court should include the amount of treble damages Plaintiff claims, aggregated on a class-wide basis. *Gibson v. Chrysler Corp*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *see also Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). Where an underlying statute authorizes an award of attorney's fees, the Court should include the attorneys' fees and costs Plaintiff claims, also aggregated on a class-wide basis. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). In the context of CAFA jurisdiction, "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" *Jasso v. Money Mart Express, Inc.*, 2012 U.S. Dist. LEXIS 27215 at *20 (N.D. Cal. Mar. 1, 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)).

9. Defendants deny Plaintiff's allegations regarding their liability, will vigorously oppose certification of the putative class, and deny Plaintiff or the putative class would be entitled to recover any of the amounts they claim. *Grant v. Capital Mgmt. Servs., L.P.*, 2011 WL 3874877, at *1 (9th Cir. Sept. 2, 2011) (defendant not required to admit liability to remove under CAFA); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (same). For

NOTICE OF REMOVAL
(No.        ) — 3
DWT 19266314v2 0050033-001542

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

purposes of establishing the jurisdictional prerequisites for removal, however, Plaintiff's allegations place more than $5 million in controversy.  Ridecharge sent more than 5,000 text messages to Orange Cab's Washington customers that were the same or substantially similar to those alleged in the Complaint.  Forsythe Decl. ¶ 4.  Thus, Plaintiff seeks statutory damages against Defendants on behalf of the proposed class in excess of $7,500,000:  5,000 text messages times $1,500 (treble statutory damages), in addition to attorneys' fees and costs.  *See Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646 (W.D. Wash. 2007) (amount-in-controversy requirement under 28 U.S.C. § 1332(d)(2) met "based on facsimiles allegedly sent to hundreds of persons, statutory damages of $500 per violation and potential for treble damages"); Local CR 101(a) (requiring explanation of "good faith belief" as to amount in controversy).  Thus, Plaintiff has placed far more than $5 million in controversy.

## The Remaining Procedural Requirements Are Satisfied

1. The United States District Court for the Western District of Washington is the federal judicial district embracing King County Superior Court, where the suit was originally filed.  28 U.S.C. § 128(b).  Seattle is the proper division or location for the matter.  Local CR 5(e)(1).

2. A copy of all process, pleadings, and orders served on Defendants in this action are attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

3. Promptly after filing the Notice of Removal, Defendants will give written notice to Plaintiff's counsel, and will file a copy of this Notice with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Wherefore, Defendants hereby remove this action from the Superior Court of Washington for King County.

NOTICE OF REMOVAL
(No.        ) — 4
DWT 19266314v2 0050033-001542

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1 | DATED this 5th day of April, 2012.

Davis Wright Tremaine LLP
Attorneys for Defendants

By: <u>s/*Ryan C. Gist*</u>
Kenneth E. Payson, WSBA #26369
Ryan C. Gist, WSBA #41816
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: kenpayson@dwt.com
ryangist@dwt.com

NOTICE OF REMOVAL
(No.        ) — 5
DWT 19266314v2 0050033-001542

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2012, I caused a copy of the foregoing document to be served on plaintiff's counsel via U.S. Mail and email:

Donald W. Heyrich
Cindy M. Lin
Heyrich Kalish McGuigan PLLC
1325 Fourth Avenue, Suite 540
Seattle, WA 98101

dheyrich@hkm.com
clin@hkm.com


Albert H. Kirby
Kirby Law Group
93 S. Jackson, #63230
Seattle, WA 98104-2818

ahkirby@kirby-legal.com


DATED this 5th day of April, 2012.

By: s/*Ryan C. Gist*
Kenneth E. Payson, WSBA #26369
Ryan C. Gist, WSBA #41816
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: kenpayson@dwt.com
ryangist@dwt.com

NOTICE OF REMOVAL
(No.       ) — 6
DWT 19266314v2 0050033-001542

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700