Case 2:12-cv-00576-RSL   Document 22   Filed 06/29/12   Page 1 of 17

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORREY GRAGG, on his own behalf and on behalf of similarly situated persons,<br><br>                    Plaintiff,<br><br>        v.<br><br>ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware corporation d/b/a TAXI MAGIC,<br><br>                    Defendants. | Case No. 2:12-cv-00576-RSL<br><br>STIPULATION AND [PROPOSED] ORDER (1) GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT AND (2) EXTENDING DEADLINE FOR ORANGE CAB AND RIDECHARGE TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

## STIPULATION

Plaintiff requests leave to file a First Amended Complaint to plead claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Pursuant to Fed. R. Civ. P. 15(a)(2), Defendants have agreed herein to provide written consent for Plaintiff to file his First Amended Complaint attached at Exhibit A. In conjunction with the filing of Plaintiff's First Amended Complaint, the parties, by and through their attorneys of record, respectfully request that the Court enter the proposed Order set forth below, which extends the deadline for Defendants Orange Cab Company, Inc. ("Orange Cab") and Ridecharge, Inc. ("Ridecharge") to answer or otherwise respond to Plaintiff's First Amended Complaint, until July 20, 2012.

STIPULATION REGARDING AMENDED COMPLAINT
AND RESPONSE DEADLINE
(No. 2:12-cv-00576-RSL) — 1

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

1  Stipulated and respectfully submitted this 29th day of June, 2012, by:

2  DAVIS WRIGHT TREMAINE LLP
   Attorneys for Defendants
3

4  By:   s/ Ryan C. Gist
   Kenneth E. Payson, WSBA #26369
5  Ryan C. Gist, WSBA #41816
   1201 Third Avenue, Suite 2200
6  Seattle, Washington  98101-3045
   Telephone: (206) 622-3150
7  Fax: (206) 757-7700
   E-mail: kenpayson@dwt.com
8          ryangist@dwt.com

9
   HEYRICH KALISH MCGUIGAN PLLC
10 Counsel for Plaintiff

11 By:   s/ Donald W. Heyrich
   Donald W. Heyrich, WSBA #23091
12 1325 Fourth Ave, Suite 540
   Seattle, Washington  98101
13 Telephone: (206) 838-2504
   Fax: (206) 826-5378
14 E-mail: dheyrich@hkm.com

15 KIRBY LAW GROUP
   Albert H. Kirby, WSBA #23091
16 93 S. Jackson St. #63230
   Seattle, Washington  98104
17 Telephone: (206) 414-9950
   Fax: (866) 845-6302
18 E-mail: ahkirby@kirby-legal.com

19

20

21

22

23

24

25

26

27

STIPULATION REGARDING AMENDED COMPLAINT
AND RESPONSE DEADLINE
(No. 2:12-cv-00576-RSL) — 2

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

## ORDER

Having reviewed the foregoing stipulation of the parties, plaintiff is granted leave to file Plaintiff's First Amended Complaint. Defendants Orange Cab Company, Inc. ("Orange Cab") and Ridecharge, Inc. ("Ridecharge") are granted until July 20, 2012, to answer or otherwise respond to Plaintiff's First Amended Complaint.

IT IS SO ORDERED.

DATED this ____ day of _____, 2012.

_____
ROBERT S. LASNIK
United States District Judge

Presented by:

HEYRICH KALISH MCGUIGAN PLLC
Counsel for Plaintiff

By: _s/ Donald W. Heyrich_
Donald W. Heyrich, WSBA #23091
1325 Fourth Ave, Suite 540
Seattle, Washington 98101
Telephone: (206) 838-2504
Fax: (206) 826-5378
E-mail: dheyrich@hkm.com

STIPULATION REGARDING AMENDED COMPLAINT
AND RESPONSE DEADLINE
(No. 2:12-cv-00576-RSL) — 3

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, I caused a copy of the foregoing document to be served on plaintiff's counsel via the Court's ECF filing system:

Kenneth E. Payson, WSBA #26369
Ryan C. Gist, WSBA #41816
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: kenpayson@dwt.com
        ryangist@dwt.com

DATED this 29th day of June, 2012.

HEYRICH KALISH MCGUIGAN PLLC
Counsel for Plaintiff

By:___s/ *Donald W. Heyrich*___
Donald W. Heyrich, WSBA #23091
1325 Fourth Ave, Suite 540
Seattle, Washington 98101
Telephone: (206) 838-2504
Fax: (206) 826-5378
E-mail: dheyrich@hkm.com

STIPULATION REGARDING AMENDED COMPLAINT
AND RESPONSE DEADLINE
(No. 2:12-cv-00576-RSL) — 4

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

**EXHIBIT A**

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORREY GRAGG, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware Corporation, doing business as TAXI MAGIC,<br><br>Defendants. | Case No. 2:12-cv-00576-RSL<br><br>**PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TORREY GRAGG ("Representative Plaintiff"), on his own behalf and on behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through their counsel, bring the following Complaint against Defendants ORANGE CAB COMPANY, INC. and RIDECHARGE, INC., doing business as TAXI MAGIC, to obtain from each of them all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under Washington law and equity.

## I. JURISDICTION AND VENUE

1. Defendants contend that federal jurisdiction exists for the claims asserted against them by Plaintiffs.

2. Representative Plaintiff is a resident of King County in Washington State.

3. Many of the wrongful acts and omissions referenced in this complaint occurred,

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 1

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

were initiated, were furthered, or were given assistance in King County and Washington State. Defendants do business in King County and Washington State.

## II. PARTIES

4. Plaintiff TORREY GRAGG is an individual domiciled and residing in King County, Washington.

5. Defendant ORANGE CAB COMPANY, INC. is a corporation organized and operating under the laws of the State of Washington.

6. Defendant RIDECHARGE, INC. identifies itself as an organization organized and operating under the laws of the State of Delaware. Ridecharge, Inc. conducts a substantial amount of business in King County, Washington.

7. Defendants, and each of them, directly or else through other persons acting on their behalf, conspired to, agreed to, contributed to, assisted with, and/or otherwise caused all of the wrongful acts and omissions which are the subject matter of this complaint. But for the conduct of each of the Defendants, none of the wrongful acts and injuries alleged herein would have occurred.

## III. FACTUAL ALLEGATIONS

8. Defendants have joined together by agreement or otherwise to accomplish the business of designing, developing, supporting, marketing, and distributing an application ("app") for smart cellular telephones that enables users to use their cellular telephones to arrange transportation by taxi cabe.

9. This app, known as "Taxi Magic," is directly integrated into taxi dispatch systems. Purportedly, users can find taxis based on location, book taxis, track the arrival of a cab through automatic updates and a map view, and charge the ride to a credit card all through the app.

10. Defendants are responsible for causing and otherwise assisting with a marketing campaign that has relied upon the transmission of unsolicited text messages to advertise Taxi

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 2

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Magic to cellular telephone subscribers in Washington State and elsewhere.

11. Mr. Gragg maintains cellular service with a common cellular telephone provider and maintains a cellular telephone number and has done so for a period of time, including all times relevant to this complaint.

12. Consumers like Mr. Gragg have no effective means to avoid the receipt of unsolicited text messages. Receipt of each such text message invariably causes consumers to lose some of the finite storage capacity of the cellular telephones until they examine the text message, review it sufficiently to determine that it is not an invited text message, and then take affirmative steps to delete such unsolicited text messages.

13. Mr. Gragg did not provide this cellular telephone number to Defendants or their agents for the purpose of receiving marketing messages via text message or any other telephonic communication. Nor did Mr. Gragg provide authorization or consent to Defendants or their agents to send him a text message or to store his personal contact information for purposes of marketing or distributing the Taxi Magic app by text message.

14. On or about February 26, 2012, Defendants and/or their agents initiated or otherwise assisted in the transmission of an unsolicited text message to Mr. Gragg in Washington State through his cellular telephone number, and Mr. Gragg received this text message. The unsolicited text message stated, "***Smart Phone?  Book our cabs with Taxi Magic - #1 FREE taxi booking app***," and provided a link to download the Taxi Magic app. The unsolicited text message was made to appear as though it originated from telephone number (571) 309-5286. On information and belief, that is a telephone number controlled by Defendants and operated for a commercial purpose. The unsolicited text message sent to Mr. Gragg's cellular telephone was a commercial solicitation attempting to get him to download the Taxi Magic app for the commercial benefit of Defendants. Mr. Gragg received this text message. Defendants sent the unsolicited text message by means of an automated telephone dialing system ("ATDS"). Defendants could not have engaged in their text message marketing campaign without using an

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 3

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

ATDS.

15. Like other similarly situated persons, Mr. Gragg was injured as a result of Defendants' actions above, in ways including, but not limited to: (a) Incurring cellular phone charges and/or reduction in cellular phone time or data capacity to receive the unsolicited text message from Defendants; (b) Invasion of privacy; (c) Aggravation and annoyance from having to retrieve or administer the unsolicited messages; and (d) Loss of use of the full capacities and capabilities, e.g., electronic storage space, of his cellular telephone.

16. By the conduct detailed above, Defendants, directly and/or through its authorized agents, engage in unlawful and otherwise wrongful marketing and advertising practices. These practices have damaged Representative Plaintiff Mr. Gragg and persons similarly situated. Defendants caused the transmission of unsolicited electronic commercial text messages to telephone numbers assigned to Representative Plaintiff and other residents of Washington State for cellular or pager services equipped to receive such messages.

17. Defendants' conduct above negatively affects the public interest. Defendants caused the unsolicited transmission of numerous SMS text messages to numerous consumers throughout the United States and its territories, including Washington State.

## IV. CLASS ACTION ALLEGATIONS

18. Representative Plaintiff brings this class action on behalf of himself and as a representative of the following class of persons (the "National Class") entitled to remedies under federal law including, but not limited to, damages:

> All persons in the United States of America and its territories who were sent, to their cellular telephone numbers, at least one unsolicited text message by a Defendant, or someone acting on behalf of a Defendant.

19. Representative Plaintiff also brings this class action on behalf of himself and as a representative of the following persons (the "Washington Subclass") who are entitled to remedies under Washington State law including, but not limited to, damages:

> All persons in Washington State who were sent, to their cellular

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 4

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

telephone numbers, at least one unsolicited text message by a Defendant, or someone acting on behalf of a Defendant.

20. Plaintiffs' class claims satisfy all of the requirements for class action certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

21. Satisfying all requisite numerosity requirements, numerous consumers in Washington State and numerous consumers through the United States and its territories are believed to be members of this class. Joinder of so many class members in to a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

22. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' conduct include, without limitation, the following:

　　a. Whether Defendants negligently, willfully, and/or knowingly caused violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text messages to Representative Plaintiff and the National Class?

　　b. Whether Defendants negligently, willfully, and/or knowingly caused violations, including *per se* violations, of the Washington Consumer Protection Act, RCW 19.86.10, *et seq.*, when sending unsolicited text messages to Representative Plaintiff and the Washington Subclass?

　　c. What are the statutory damages that the Defendants must pay for each of the unsolicited text messages that the Defendants caused to be sent to the Plaintiffs?

　　d. Whether Defendants used an ATDS?

　　e. Whether the transmission of text messages on behalf of Defendants was commercial in nature under RCW 19.190.060?

　　f. Whether any Defendants are vicariously or otherwise liable for their agents or assigns or other Defendants sending unsolicited text messages to Plaintiffs?

23. The questions set forth above predominate over any questions affecting only

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 5

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

24. Representative Plaintiff's claims are typical of those of the class in that he, just like the other members of the class, was the victim of the unlawful marketing practices referenced in this complaint. The SMS text message which Representative Plaintiff received is typical of the SMS text messages which were transmitted to other members of the class.

25. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages of each of the Plaintiffs are so low that it would be economically impracticable for putative class members to bring their claims individually.

26. A primary factor in Plaintiff's bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendants cease and desist their unlawful and wrongful conduct. A class action is the most efficient means to ensure that Defendants' do not damage the class in the future.

27. Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Also, Representative Plaintiff is represented by a team of attorneys who together have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

28. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each member of the

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 6

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

29.   If this action is not certified as a class action, then given the number of class members, the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendants for reasons altogether unrelated to the merits of their claims (*e.g.*, challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, *et cetera*). Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them by Defendants is to resolve the subject matter of this complaint through a class action.

## V. FIRST COUNT
### Violations of the Telephone Consumer Protection Act
*(Representative Plaintiff and the National Class vs. Defendants)*

30.   Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

31.   At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

32.   Negligently, recklessly, willfully, and/or intentionally, Defendants directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act. Defendants directly and/or vicariously created, designed, deployed, and otherwise used an ATDS which initiated numerous telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls transmitted unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 7

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

33. Plaintiffs are entitled to recover $500 in damages from the Defendants for each violation of the Telephone Consumer Protection Act.

34. Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

35. The Defendants continue their unlawful conduct and will continue such conduct in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring the Defendants from engaging in such illegal conduct in the future.

## VI. SECOND COUNT
### Violations of the Washington Consumer Protection Act
*(Representative Plaintiff and the Washington Subclass vs. Defendants)*

36. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

37. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes.

38. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is a violation of RCW 19.190.060. This violation, per statute, is a *per se* violation of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

39. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, *et seq.*

40. Defendants conducted these practices in the scope of their trade and in furtherance of the development and preservation of such business services.

41. Defendants' violations of the Consumer Protection Act are intentional, willful, and subject to treble damages under RCW 19.86.010, *et seq.*

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 8

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

42. Plaintiffs have suffered injuries as a direct result of Defendants' numerous violations of RCW 19.86.010, *et seq.*

43. Defendants' practices are emblematic of organizational policies and agreements among the Defendants and others which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, *et seq.*, and RCW 19.190.010, *et seq.*

44. Plaintiffs are entitled to recover damages for each of the Defendants' violations of RCW 19.86.010, *et seq.*

45. Plaintiffs are further entitled to recover damages for each of the Defendants' violations under RCW 19.190.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

46. Plaintiffs will continue to be damaged if Defendants are not compelled to cease and desist their unlawful conduct and their unfair, deceptive, and unlawful practices.

47. Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, *et seq.*, and as otherwise permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against Defendants and pray this Court do the following:

A. Issue a declaration which makes clear the illegality of Defendants' wrongful conduct.

B. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in their unlawful conduct, including without limitation their use of an ATDS to send unsolicited SMS text messages, the unfair, deceptive, or unlawful practices concerning the transmission of commercial text messages and commercial solicitations to Representative Plaintiff and other class members, and the collection and storage of contact information belonging to individuals

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 9

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

who are not customers of Defendants.

C. Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs in amounts to be determined at trial, but in no event less than $500.00 per violation of RCW 19.86.010, *et seq*, RCW 19.190.010, *et seq.*, and 47 U.S.C. § 227.

D. Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in the above paragraphs, in amounts to be determined at trial.

E. Order Defendants to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

F. Order Defendants to pay Representative Plaintiffs and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all punitive and/or treble damages for a knowing or willful violation of the Telephone Consumer Protection Act and the Washington Consumer Protection Act.

G. Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law, the Washington Consumer Protection Act, and/or as sounds in tort, contract, or equity.

H. Grant any additional or further relief as provided by law or equity which this Court finds appropriate, equitable, or just.

## VIII. JURY DEMAND

Representative Plaintiff demands a jury trial on all issues so triable.

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 10

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

Dated: June xx, 2012.

| HEYRICH KALISH MCGUIGAN PLLC | KIRBY LAW GROUP |
|---|---|
| 1325 Fourth Avenue, Suite 540 | 93 S. Jackson St. #63230 |
| Seattle, WA  98101 | Seattle, WA 98104-2818 |
| Tel: (206) 838-2504 | Tel: (206) 414-9950 |
| Fax: (206) 826-5378 | Fax: (866) 845-6302 |
| | |
| *s/ Donald W. Heyrich* | Albert H. Kirby, WSBA #40187 |
| Donald W. Heyrich, WSBA #23091 | *ahkirby@kirby-legal.com* |
| *dheyrich@hkm.com* | |

Attorneys for Plaintiffs

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 11

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

## DECLARATION OF SERVICE

I, the undersigned, certify that, on this date, a true copy of the foregoing document will be or has been served on the persons listed below in the manner shown:

Kenneth E. Payson, WSBA #26369
   kenpayson@dwt.com
Ryan C. Gist, WSBA #41816
   ryangist@dwt.com

Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
___ Direct Email
_x_ CM/ECF Notification

Dated: June xxxx, 2012

*/s/ Donald W. Heyrich, WSBA #23091*

PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT
Case No. 2:12-cv-00576-RSL - 12

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504