THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TORREY GRAGG, on his own behalf and on behalf of other similarly situated persons,

Plaintiff,

v.

ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware Corporation, doing business as TAXI MAGIC,

Defendants.

Case No. 2:12−cv−00576−RSL

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

JURY TRIAL DEMANDED

Plaintiff TORREY GRAGG ("Representative Plaintiff"), on his own behalf and on behalf of all other similarly situated persons (collectively "Plaintiffs"), by and through their counsel, bring the following complaint against Defendants ORANGE CAB COMPANY, INC. and RIDECHARGE, INC., doing business as TAXI MAGIC, to obtain from each of them all damages, injunctive relief, attorneys' fees, costs, and other remedies Plaintiffs are entitled to recover under law and equity.

## I. JURISDICTION AND VENUE

1. Defendants contend that federal jurisdiction exists for the claims asserted against them by Plaintiffs.

2. Many of the wrongful acts and omissions referenced in this complaint occurred, were initiated, were furthered, or were given assistance in King County and Washington State.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

3. Defendants do business in King County and Washington State.

## II. PARTIES

4. Plaintiff TORREY GRAGG is an individual domiciled and residing in King County, Washington.

5. Defendant ORANGE CAB COMPANY, INC. is a corporation organized and operating under the laws of the State of Washington.

6. Defendant RIDECHARGE, INC. identifies itself as an organization organized and operating under the laws of the State of Delaware. Ridecharge, Inc. conducts a substantial amount of business in King County, Washington.

7. Defendants, and each of them, directly or else through other persons acting on their behalf, conspired to, agreed to, contributed to, assisted with, and/or otherwise caused all of the wrongful acts and omissions which are the subject matter of this complaint.

8. But for the conduct of each of the Defendants, none of the wrongful acts and injuries alleged herein this complaint would have occurred.

## III. FACTUAL ALLEGATIONS

9. Defendants have joined together by agreement or otherwise to accomplish the business of designing, developing, supporting, marketing, and distributing an application ("app") for smart cellular telephones that enables users to use their cellular telephones to arrange and purchase transportation by taxi cab. Services provided through the app cost money.

10. This app, known as "Taxi Magic," is directly integrated into taxi dispatch systems. Purportedly, users can find taxis based on location, book taxis, track the arrival of a cab through automatic updates and a map view, and charge the ride to a credit card all through the app.

11. Taxi Magic makes it easier for consumers to purchase taxi services.

12. Taxi Magic is designed to increase the revenue of taxi companies and drivers whose customers use the app.

13. Defendants are responsible for causing and otherwise assisting with a marketing

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

campaign that has relied upon the transmission of unsolicited text messages to advertise the taxi booking and dispatch services offered through Taxi Magic to cellular telephone subscribers throughout the United States, including Washington State.

14. At the minimum, Defendants caused the transmission of tens of thousands of text messages to the cellular telephone numbers of consumers in Washington State.

15. Prior to the transmission of these text messages, none of the consumers to whom these text messages were directed provided Defendants with unmistakably stated consent to be sent the text messages.

16. To send these text messages, Defendants utilized a system of transmission devices which had the capability to send millions of text messages a month to consumers in an automated manner.

17. Defendants used their system of transmission devices to send numerous unsolicited text messages to numerous consumers throughout the United States.

18. Defendants used their system of transmission devices to send far more text messages than humans could manually transmit in an economical manner.

19. The transmission of so many unsolicited text messages burdened and/or injured the telecommunications infrastructure through which all text messages must pass. As a consequence, cellular service providers incurred avoidable costs which negatively impact the price that consumers like Mr. Gragg pay for cellular telephone services.

20. Defendants used their system of transmission devices to send an unsolicited text message to the cellular telephone number of Mr. Gragg.

21. Consumers like Mr. Gragg have no effective means to avoid the receipt of unsolicited text messages. Receipt of each such text message invariably causes consumers to lose some of the finite storage capacity of their cellular telephones until they examine the text message, review it sufficiently to determine that it is not an invited text message, and then take affirmative steps to delete such unsolicited text messages.

22. Mr. Gragg did not provide his cellular telephone number to Defendants or their

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

agents for the purpose of receiving marketing messages via text message or any other telephonic communication. Nor did Mr. Gragg provide authorization or consent to Defendants or their agents to send him any text message or to store his personal contact information for purposes of marketing or distributing the Taxi Magic app by text message.

23. On Sunday, February 26, 2012, at about 9:04 p.m. in the evening, Mr. Gragg received the text message which Defendants had sent him through their automated system of transmission devices. Defendants intended for Mr. Gragg to receive this text message. Here is a copy of this text message received by Mr. Gragg:

24. The text message received by Mr. Gragg falsely stated that a taxi had been dispatched to him almost four hours earlier. In fact, Mr. Gragg had not booked any taxi for that day. This error could have been readily avoided if a live person—and not an automated system—had been responsible for manually inputting and transmitting the text message.

25. The unsolicited text message received by Mr. Gragg also included a marketing message which stated, "***Smart Phone? Book our cabs with Taxi Magic - #1 FREE taxi booking app***," and provided a link to download the Taxi Magic app. The text message which Mr. Gragg received from Defendants was one of *at least* ten thousand text messages sent by

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

Defendants to Washington consumers that had substantively the same marketing message. This marketing message was one of many marketing messages that Defendants' system of transmission devices was programmed to add in rotation or by designation to text messages it sent. Communications among Defendants and with others expressly identify these components of the text messages as marketing opportunities that can help generate increased sales of taxi services very inexpensively for Defendants.

26. In the text messages sent to Mr. Gragg and others, Defendants deceptively failed to disclose that if consumers had used the provided link, then Defendants would have been able to track the consumers' usage of Taxi Magic. Moreover, Defendants deceptively failed to disclose that if a consumer like Mr. Gragg downloaded the Taxi Magic app through a link included in a text message sent to them, then Defendants would use the undisclosed tracking information to limit all of their future taxi bookings through Taxi Magic to just one taxi company. Such a tracking scheme would not have been possible or economically viable if Defendants had used live people to generate and send each text message manually.

27. Like other similarly situated persons, Mr. Gragg was injured as a result of Defendants' actions above in ways including, but not limited to, the following: (a) Having to pay a cellular service provider to receive the unsolicited text message from Defendants; (b) Invasion of privacy; (c) Aggravation and annoyance from having to retrieve or administer the unsolicited message; (d) Loss of use of the full capacities and capabilities, e.g., electronic storage space, of his cellular telephone; and (e) Impairment and burden to the cellular telephone network upon which consumers rely.

28. By the conduct detailed above, Defendants directly and/or through authorized agents caused the unlawful transmission of text messages to the cellular telephone numbers of Mr. Gragg and other similarly situated consumers and otherwise engaged in unlawful marketing and advertising practices. This conduct has injured the person and property of Mr. Gragg and consumers like him.

29. Defendants' conduct above negatively affects the public interest. Defendants

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950


caused the unsolicited transmission of numerous unsolicited text messages to numerous consumers in throughout the United States and its territories, including Washington State.

30. Defendants continue to send text messages to consumers.

31. Defendants do not obtain clear and unmistakably stated consent from the intended recipients before sending these text messages.

32. The text messages which Defendants continue to send are sent by the same transmission system that was used to send a text message to Mr. Gragg.

## IV. CLASS ACTION ALLEGATIONS

33. Representative Plaintiff brings this class action on behalf of himself and as a representative of the following class of persons (the "National Class") entitled to remedies under federal law including, but not limited to, injunctive relief and damages:

> All persons in the United States of America and its territories who were sent, to their cellular telephone numbers, at least one unsolicited text message by a Defendant, or someone acting on behalf of a Defendant.

34. Representative Plaintiff also brings this class action on behalf of himself and as a representative of the following persons (the "Washington Subclass") who are entitled to remedies under Washington State law including, but not limited to, damages:

> All persons in Washington State who were sent, to their cellular telephone numbers, at least one unsolicited text message by a Defendant, or someone acting on behalf of a Defendant.

35. Plaintiffs' class claims satisfy all of the requirements for class action certification pursuant to the Federal Rules of Civil Procedures, Rules 23(a) and 23(b)(1), 23(b)(2), and 23(b)(3).

36. Satisfying all requisite numerosity requirements, numerous consumers in Washington State and numerous consumers throughout the United States are believed to be members of this class. Joinder of so many class members in to a single action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

37. There are questions of fact and law common to the class, which predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' conduct include, without limitation, the following:

a. Whether Defendants negligently, willfully, and/or knowingly caused violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, when sending unsolicited text messages to Representative Plaintiff and the National Class?

b. Whether Defendants negligently, willfully, and/or knowingly caused *per se* violations of the Washington Consumer Protection Act, RCW 19.86.10, *et seq*., when sending unsolicited text messages to Representative Plaintiff and the Washington Subclass?

c. Whether Defendants negligently, willfully, and/or knowingly caused ordinary violations of the Washington Consumer Protection Act, RCW 19.86.10, *et seq*., when sending unsolicited text messages to Representative Plaintiff and the Washington Subclass?

d. What are the statutory damages that the Defendants must pay for each of the unsolicited text messages that the Defendants caused to be sent to the Plaintiffs?

e. Whether Defendants used an automated telephone dialing system ("ATDS") to send text messages to Plaintiffs?

f. Whether the transmission of text messages on behalf of Defendants was commercial in nature under RCW 19.190.060?

g. Whether any Defendants are vicariously or otherwise liable for their agents or assigns or other Defendants sending unsolicited text messages to Plaintiffs?

38. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

39. Representative Plaintiff's claims are typical of those of the class in that he, just

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

like the other members of the class, was the victim of the unlawful marketing practices referenced in this complaint. The text message which Representative Plaintiff received is typical of the text messages which were transmitted to other members of the class.

40. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted in a general manner to the damage of the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests. Moreover, the individual damages of each of the Plaintiffs are so low that it would be economically impracticable for putative class members to bring their claims individually.

41. A primary factor in Plaintiff's bringing this case is for final injunctive relief which is necessary and appropriate to ensure that Defendants cease and desist their unlawful and wrongful conduct. A class action is the most efficient means to ensure that Defendants' do not injure the class in the future.

42. Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Also, Representative Plaintiff is represented by a team of attorneys who together have extensive, multi-jurisdictional experience representing clients in complex class action litigation.

43. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

44. If this action is not certified as a class action, then given the number of class

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

members, the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendants for reasons altogether unrelated to the merits of their claims, *e.g.*, challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, *et cetera*. Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries inflicted upon them by Defendants is to resolve the subject matter of this complaint through a class action.

**V. FIRST COUNT**
**Violations of the Telephone Consumer Protection Act**
*(Representative Plaintiff and the National Class vs. Defendants)*

45. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

46. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

47. Negligently, recklessly, willfully, and/or intentionally, Defendants directly and/or vicariously engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violates the Telephone Consumer Protection Act. Defendants directly and/or vicariously created, designed, deployed, and otherwise used an ATDS which initiated numerous telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls transmitted unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

48. Plaintiffs are entitled to recover $500 in damages from the Defendants for each violation of the Telephone Consumer Protection Act.

49. Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by the Telephone Consumer Protection Act or else otherwise permitted by law.

50. The Defendants continue their unlawful conduct and will continue such conduct

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring the Defendants from engaging in such illegal conduct in the future.

**VI. SECOND COUNT**
**Violations of the Washington Consumer Protection Act**
*(Representative Plaintiff and the Washington Subclass vs. Defendants)*

51. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

52. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes.

53. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is a violation of RCW 19.190.060. This violation, per statute, is a *per se* violation of Washington's Consumer Protection Act, RCW 19.86.010, *et seq.*

54. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiffs' cellular phones is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, *et seq.*

55. Defendants conducted these practices in the scope of their trade and in furtherance of the development and preservation of such business services.

56. Defendants' violations of the Consumer Protection Act are intentional, willful, and subject to treble damages under RCW 19.86.010, *et seq*.

57. Plaintiffs have suffered injuries to their persons and property as a direct result of Defendants' numerous violations of RCW 19.86.010, *et seq*.

58. Defendants' practices are emblematic of organizational policies and agreements among the Defendants and others which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, *et seq.*, and RCW 19.190.010, *et seq.*

59. Plaintiffs are entitled to recover damages for each of the Defendants' violations of



KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

RCW 19.86.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

60. Plaintiffs are further entitled to recover damages for each of the Defendants' violations under RCW 19.190.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

61. Plaintiffs will continue to be damaged if Defendants are not compelled to cease and desist their unlawful conduct and their unfair, deceptive, and unlawful practices.

62. Plaintiffs are further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, *et seq.*, and as otherwise permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, and all others similarly situated, demand judgment against Defendants and pray this Court do the following:

A. Issue a declaration which makes clear the illegality of Defendants' wrongful conduct.

B. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in their unlawful conduct, including without limitation their use of an ATDS to send unsolicited text messages, the unfair, deceptive, or unlawful practices concerning the transmission of commercial text messages and commercial solicitations to Representative Plaintiff and other class members, and the deceptive collection and use of contact and tracking information of consumers.

C. Order Defendants to make Representative Plaintiff and the other class members whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in the above paragraphs in amounts to be determined at trial, but in no event less than $500.00 for each violation of RCW 19.86.010, *et seq.*, RCW 19.190.010, *et seq.*, and 47 U.S.C. § 227.

D. Order Defendants to make Representative Plaintiff and the other class members

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in the above paragraphs, in amounts to be determined at trial.

E. Order Defendants to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

F. Order Defendants to pay Representative Plaintiffs and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all punitive and/or treble damages for a knowing or willful violation of the Telephone Consumer Protection Act and the Washington Consumer Protection Act.

G. Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law, the Washington Consumer Protection Act, and/or as sounds in tort, contract, or equity.

H. Grant any additional or further relief as provided by law or equity which this Court finds appropriate, equitable, or just.

## VIII. JURY DEMAND

Representative Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED: February 7, 2013

*/s/ Albert H. Kirby*
Albert H. Kirby, WSBA #40187
**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Tel: (206) 414-9950
Fax: (866) 845-6302
Email: ahkirby@kirby-legal.com

Donald W. Heyrich, WSBA #23091
**HEYRICH KALISH MCGUIGAN PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Tel: (206) 838-2504
Fax: (206) 838-2505
Email: dheyrich@hkm.com

Attorneys for Plaintiff

**DECLARATION OF SERVICE**

I, the undersigned, certify that, on this date, a true copy of the foregoing document will be or has been served on the persons listed below in the manner shown:

Kenneth E. Payson, WSBA #26369
kenpayson@dwt.com
Ryan C. Gist, WSBA #41816
ryangist@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700

___ Legal Messenger
___ Facsimile
___ United States Mail, First Class
___ Direct Email
_x_ CM/ECF Notification

Dated: February 7, 2013

*/s/ Albert H. Kirby*
Albert H. Kirby, WSBA #40187

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950