The Honorable Robert S. Lasnik

1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9   TORREY GRAGG, on his behalf and on behalf   )
    of similarly situated persons,              )       No. C12-0576RSL
10                                              )
                              Plaintiff,        )       DEFENDANTS' SURREPLY IN
11                                              )       OPPOSITION TO PLAINTIFF'S
           v.                                   )       MOTION FOR CLASS
12                                              )       CERTIFICATION
    ORANGE CAB COMPANY, INC., a                 )
13  Washington corporation; and RIDECHARGE,     )
    INC., a Delaware corporation d/b/a TAXI     )
14  MAGIC,                                      )
                                                )
15                            Defendants.       )

16

17

18

19

20

21

22

23

24

25

26

27

DEFS.' SURREPLY IN OPP'N. TO MOT. FOR CLASS CERT.
(No. C12-0576RSL)

Plaintiff's Reply in Support of his Motion for Class Certification [Dkt. 78] contains new argument based on a new class definition, and new evidence and argument based on a new fifty-two page declaration.  Defendants ask the Court to strike Plaintiff's belated attempt to redefine his unascertainable proposed class (Reply §§ B.1, C.1), and strike the untimely declaration of Randall A. Snyder [Dkt. 80], as well as all references to that declaration in Plaintiff's Reply.

### A.        Plaintiff May Not Submit New Argument and Evidence in Reply.

"It is well-established that courts will not consider new arguments raised for the first time in a reply brief."  *Malone v. Nuber*, 2010 WL 3430418, *2 (W.D. Wash. Aug. 30, 2010) (Lasnik, J.) (citing *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 843, n.6 (9th Cir. 2004)) (internal quotation omitted).  "A moving party may not submit new evidence in reply."  *Compana, LLC v. Aetna, Inc.*, 2006 WL 319456, *4 (W.D. Wash. May 12, 2006) (Lasnik, J.).  Plaintiff's Reply violates both of these rules.

*First*, in Reply, Plaintiff raises a new argument by urging the Court to certify a class different than that in his Motion.  The Motion seeks to certify a class of:

> *All* customers of Defendant Orange Cab who were sent at least one text message to their cellular telephone number from Defendant Ride Charge without prior express consent.

Mot. 2:20-22 [Dkt. 59] (emphasis added).  In other words, *all* such persons without regard to how they ordered cabs or the content of the messages they received.  Defendants showed in their opposition that Plaintiff proposed an unascertainable class.  Opp. 8-15 [Dkt. 73].  Apparently conceding the point, Plaintiff asserts for the first time in his Reply that he seeks to certify only the subset of the proposed class who "order[ed] a taxi by voice telephone call" and who received a "'Dispatch Notification' *marketing* message."  Reply 1:11, 4:2-3 (emphasis added).  Plaintiff cannot cure the defects with his proposed class by defining a new class in Reply when Defendants have no opportunity to respond.  The Court should strike and disregard Plaintiff's arguments based on his newly proposed class definition.  If not, the Court should at least allow Defendants an opportunity to provide supplemental briefing regarding why the newest class definition fails to cure the ascertainability and other certification problems Defendants identified.  *See* Opp. Part

DEFS.' SURREPLY IN OPP'N. TO MOT. FOR CLASS CERT.
(No. C12-576RSL) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

IV.A, IV.B.1-2, and IV.C.

**Second**, the Declaration of Randall A. Snyder [Dkt. 80] (a fifty-two page expert report offering bald conclusions about the supposed ease of identifying class members), and Plaintiff's accompanying argument, comprise improper new evidence and argument in reply.  As Defendants showed, "'plaintiffs have … [the] burden of establishing the existence of a claim … affecting an ascertainable class of persons of which they are members.'"  Opp. 8:325-27 (quoting *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 589 n.8 (9th Cir. 2010), *rev'd on other grounds* 131 S. Ct. 2541, 2551 (2011).  In his Motion, Plaintiff failed even to acknowledge his burden, let alone make any argument or present evidence regarding the ascertainability of his proposed class.  The fact that Defendants pointed out Plaintiff failed to propose an ascertainable class does not open the door for Plaintiff to try to cure that deficiency with new argument and evidence on reply.

In *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006), for example, Judge Zilly struck new evidence Docusign offered only in reply to address defendant's argument that Docusign's opening brief failed to show the irreparable harm necessary to obtain a preliminary injunction.  *Id.*  The court held "[t]hese declarations address issues which should have been addressed in the opening brief, and the new evidence is inappropriate for Reply."  *Id.*  This Court reached a similar conclusion in *Compana*, granting a request to strike new arguments and evidence offered in reply:  "Counsel offers no explanation of why he did not include the charts with Aetna's motion.  A moving party may not submit new evidence in a reply."  2006 WL 1319456, at * 4.  Here, as in *Docusign* and *Compana*, Plaintiff "offers no explanation of why he did not include" Mr. Snyder's testimony regarding ascertainability with his opening brief.

### B.     The Court Should Strike False Statements of Fact, Legal Conclusions, and Unfounded Opinions from Mr. Snyder's Declaration.

Timely or not, expert testimony at the class certification stage must withstand evidentiary scrutiny.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2553-54 (2011).  "[T]he Ninth Circuit teaches that the court should simply conduct a full and rigorous analysis of the admissibility of the expert's opinions *as they relate to class certification issues*."  *Hovenkotter v. Safeco Ins. Co.*, 2010 U.S. Dist. LEXIS 112645, *12 (W.D. Wash. Oct. 8, 2010) (emphasis in original).  At class

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

certification, "the trial court must act as a 'gatekeeper' to exclude junk science that does not meet [Rule 702's] reliability standards." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). To be admissible, expert testimony must be both reliable and helpful, and "must be something more than subjective belief and/or unsupported speculation." *Olympic Pipe Line Co. v. Equilon Pipeline Co.*, 2005 WL 6793647, at *1 (W.D. Wash. Jan. 25, 2005). Expert opinions lacking a reliable foundation should be stricken. *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 629 (W.D. Wash. 2011) (striking expert testimony on predominance based on insufficient data); *see also Fox v. Tyson Foods, Inc.*, 2006 WL 6012784, at *7 (M.D. Ala. Nov. 15, 2006) (striking expert testimony based on false assumptions).

The Court should strike Mr. Snyder's unfounded opinions, false statements of fact, and legal conclusions. For example, Mr. Snyder opines about the capabilities of third parties to distinguish cell numbers from landlines, the records wireless providers maintain, and the "churn rate" within the wireless industry. Snyder Dec. ¶¶ 52-65. Other than a cite to www.DNC.com, however, Mr. Snyder's opinions in this regard are unmoored from any evidentiary support. And his testimony regarding the "customer numbers" that he says Orange Cab's records include are demonstrably false. Gist Dec. [Dkt. 74] Ex. B at 134:10-24 (noting phone numbers for bars and restaurants are frequently provided in connection with taxi requests); DePasquale Dec. [Dkt. 73] at ¶ 6. Indeed, "there is nothing to support [Mr. Snyder's] conclusion[s] that [are] at the heart of this [issue]." *Newkirk v. ConAgra Foods, Inc.*, 727 F. Supp. 2d 1006, 1017 (E.D. Wash. 2010) *aff'd*, 438 F. App'x 607 (9th Cir. 2011). Mr. Snyder's irrelevant statements regarding merits issues are no better. He makes bald claims that Defendants' system (which he has never examined) sends notifications *en masse*, Snyder Dec. ¶¶ 27, 28, 40, 44, which the undisputed record refutes. *See e.g.*, Gist Decl. [Dkt. 79] Ex. A at 174:13-16; Defs. Mot. for Summ. J. [Dkt. 69], Part II.B. (listing evidence describing how Mr. Gragg's dispatch notification was sent). The Court should also strike Mr. Snyder's legal conclusions, Snyder Dec. ¶ 68, 39, 45, *Boulware v. United States*, 558 F.3d 971, 975 (9th Cir. 2009), and the remainder of his testimony, Snyder Dec. ¶¶ 6-51, 66-67, which addresses merits issues irrelevant to Plaintiff's motion or Defendants' opposition.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1      Respectfully submitted this 14th day of August, 2013.

2

3                          Davis Wright Tremaine LLP
Attorneys for Defendants

4                    By:   *s/Ryan C. Gist*

5                           Kenneth E. Payson, WSBA #26369
Ryan C. Gist, WSBA #41816

6                           1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045

7                           Telephone:  206-622-3150

8                           Fax:  206-757-7700
E-mail:  kenpayson@dwt.com

9                                 ryangist@dwt.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Donald W. Heyrich**
  dheyrich@hkm.com, dkalish@hkm.com, sforbes@hkm.com

- **Albert H. Kirby**
  ahkirby@kirby-legal.com

and I hereby certify that a copy was mailed by United States Postal Service to the following non-CM/ECF participants.

N/A

DATED this 14th day of August, 2013.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants


By s/ *Ryan C. Gist*
Ryan C. Gist, WSBA #41816
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: ryangist@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700