UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TORREY GRAGG,

    Plaintiff,

    v.

ORANGE CAB COMPANY, INC., and RIDECHARGE, INC.,

    Defendants.

Case No. C12-0576RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This matter comes before the Court on "Plaintiff's Motion for Class Certification." Dkt. # 59. Plaintiff alleges that he and the other members of the proposed class received a "Dispatch Notification" from defendant Ridecharge, Inc., that violated Washington's Commercial Electronic Mail Act ("CEMA"), RCW § 19.190.010 *et seq.*[1] The "Dispatch Notifications" were sent whenever a cell phone user attempted to book a cab directly with Orange Cab rather than through RideCharge's booking services. The message plaintiff received, in its entirety, read:

---

[1] Plaintiff's Telephone Consumer Protection Act ("TCPA") claim has been dismissed. Dkt. # 113.

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 1

> Taxi #850 dispatched @ 05:20.  Smart phone?  Book our cabs with Taxi Magic - #1 FREE taxi booking app http://cabs.io/29e1b7d

Dkt. # 34 at ¶ 6.  Plaintiff asserts that the "Dispatch Notifications" were expressly and intentionally targeted at individuals who were not using RideCharge products in order to convert them into RideCharge users.  Plaintiff alleges that the notifications are "electronic commercial text messages" prohibited by CEMA (RCW 19.190.060) and seeks to litigate his CEMA claim on behalf of the following class:

> All customers of defendant Orange Cab who were sent at least one text message to their cellular telephone number from defendant RideCharge without prior express consent.

Dkt. # 59 at 2.

Defendants oppose the request for class certification.  Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

## PREREQUISITES OF A CLASS

Plaintiff seeks class certification under Fed. R. Civ. P. 23.  Pursuant to Rule 23(a), members of a class may sue or be sued as representative parties if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

---

[2] Defendants' objections to the arguments presented by plaintiff in reply are overruled.  Plaintiff's efforts to refine his proposed class definition to avoid some of the pitfalls identified by defendants is a proper use of the opportunity to reply.  The basic arguments for why class certification is appropriate remain unchanged.  The Court did not consider Mr. Snyder's declaration in resolving this motion.

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 2

Before certifying a class, the Court must conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23(a) have been satisfied.  See General Telephone Co. v. Falcon, 457 U.S. 147, 161 (1982); Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542-43 (9th Cir. 2013).  The touchstones of the analysis are whether the named plaintiff is an appropriate representative of the absent class members whose claims he seeks to litigate and whether the claims of the disparate class members can be productively litigated in a single action.  Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2550-51 (2011).

Defendants apparently agree that the proposed class is numerous.  They challenge plaintiff's assertions regarding commonality, typicality, and adequacy of representation, however, and raise additional concerns regarding management of a class action and the identification of class members.

**Fed. R. Civ. P. 23(a)(2):  Commonality**

Pursuant to Rule 23(a)(2), there must be questions of law and/or fact common to the proposed class in order to justify certification.  Although not all of the triable questions need be common, there must be some question that can be resolved on a classwide basis and will generate an answer that is central to the validity of plaintiff's CEMA claim.  Dukes, 131 S. Ct. at 2551 (citations omitted).  As long as there are substantial questions which, if tried separately, would have to be answered as to each potential class member, this element is satisfied.  See Walters v. Reno, 145 F.3d 1032, 1045-46 (9th Cir. 1998).

The Court finds that there are common questions of both law and fact in this matter, the answers to which will impact each class members' claims. These questions include:

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 3

a) Whether defendants, acting in concert, sent "Dispatch Notifications" to cell phone users who attempted to book an Orange Cab without utilizing one of RideCharge's products.

b) Whether the offer of products and services contained in the "Dispatch Notification" is an "electronic commercial text message" under CEMA.

c) Whether any exceptions or defenses to CEMA liability apply.

In the circumstances presented here, the resolution of plaintiff's individual claim will yield common answers that are "apt to drive the resolution of the litigation." Dukes, 131 S. Ct. at 2551.

**Fed. R. Civ. P. 23(a)(3):  Typicality**

The typicality element requires that the claims or defenses of the proposed class representative be typical of the claims or defenses of the class he seeks to represent. Typicality has been interpreted to mean that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." Falcon, 457 U.S. at 156 (quoting East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)).  These requirements are easily met here.

Defendants argue that plaintiff's claims are factually different from some class members because "significant numbers of the proposed class" provided express consent to the marketing texts while Mr. Gragg asserts that he did not. Dkt. # 73 at 15. This argument is unpersuasive.  First, the proposed class definition specifically excludes from the class Orange Cab customers who gave prior express consent to the text messages.  More importantly, plaintiff's theory of the case is that defendants' marketing scheme intentionally denied customers the opportunity to opt out, making express consent

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 4

a non-issue. Plaintiff has submitted evidence that the offending "Dispatch Notifications" were not sent to anyone who used a RideCharge product to book a cab, making it unlikely that the contractual consent to electronic communications contained in RideCharge's Terms of Use are applicable. In addition, there is evidence that defendants understood that the "Dispatch Notifications" were powerful marketing tools and chose to rely on post-receipt complaints, rather that prior consent, to cull their telephone lists. These facts belie defendants' assertion that "significant numbers of the proposed class" gave prior consent to the text messages: customers were never asked to consent. In light of the uniform practice alleged by plaintiff and the absence of facts supporting the factual distinction alleged by defendants, the Court finds that the issue of consent does not make plaintiff's CEMA claim atypical.

At various points in their memorandum, defendants also suggest that plaintiff fails to meet the typicality element because his CEMA claim is subject to a unique defense, namely express consent to receipt of the Dispatch Notification. Although the presence of unique defenses can undermine the typicality element, defendants' express consent argument is not unique. Defendants are not arguing that Mr. Gragg, in conversation with an Orange Cab employee, stated that he would accept communications and/or marketing information via text message from RideCharge. Rather, defendants argue that providing a phone number (either actively or passively through Caller ID) immunizes the "Dispatch Notifications" from scrutiny under CEMA. This argument will undoubtedly be asserted as a defense as to many, if not all, of the class members. Whether "express consent" is a defense under CEMA and whether plaintiff consented to receive an advertisement via text message from RideCharge when he

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 5

provided his cellular telephone number to Orange Cab can be decided on a classwide basis. Plaintiff's claims are not atypical.

**Fed. R. Civ. P. 23(a)(4): Adequacy of Representation**

In determining whether the named plaintiff will fairly and adequately protect the interests of the class, the district court "must consider two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1031 (9th Cir. 2012) (internal quotation marks omitted). Defendants argue that plaintiff has put himself in conflict with the rest of the class by abandoning his request for an award of actual damages. Dkt. # 73 at 16. The adequacy analysis does not require the class representative to pursue any and all claims or forms of relief regardless of their relative merit and/or potential benefit to the class. A thoughtful decision to forego a claim for actual damages where the governing statute provides for a statutory award that will be, in all but the most extreme cases, considerably larger than a compensatory award does not create a conflict of interest with the class. If an absent class member has suffered actual damages that exceed the statutory amount, he or she may opt out of the class and pursue individual litigation. The Court finds that plaintiff and his counsel will adequately represent the interests of the class in this litigation.

Plaintiff has satisfied the requirements of Rule 23(a) with regards to the proposed class. The Court must therefore consider whether the proposed class satisfies at least one of the requirements of Rule 23(b).

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 6

## MAINTENANCE OF A CLASS

Plaintiff argues that the provisions of Rule 23(b)(3) apply, pursuant to which the Court is required to find:

> that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to the findings include:
>
> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

The purpose of this part of the rule is to identify those actions in which class certification "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." 1966 Advisory Committee Notes. Rule 23(b)(3) requires a district court to formulate "some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate." In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d 6, 20 (1st Cir. 2008) (quoted approvingly in Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 593 (9th Cir. 2010), rev'd on other grounds, 131 S. Ct. 2541 (2011)).

**1. Common vs. Individual Issues**

Plaintiff's theory of the case is that defendants developed a uniform marketing tool to be used whenever an Orange Cab customer booked a cab by contacting the cab company directly, rather than by using one of RideCharge's products, and that

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 7

this marketing tool violated CEMA. If plaintiff is able to establish defendants' liability for statutory damages under this theory, the facts and evidence presented will also establish defendants' liability to the absent class members. Defendants have not conceded liability on any of plaintiff's claims, and the benefits of resolving the common questions identified above in a single proceeding are obvious.

Defendants argue, however, that determining whether each class member consented to receive communications and/or marketing messages from RideCharge will necessitate individual inquiries that will predominate over the common questions at issue. CEMA precludes "the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service . . . ." RCW 19.190.060. Because defendants failed to acknowledge the existence of plaintiff's CEMA claim, they made no attempt to show that express consent is a defense to liability under the act. Nor have defendants shown that requesting a cab directly from Orange Cab via text message or the provision of a cellular telephone number during the requesting process (either actively in response to a prompt or passively through Caller ID) constitutes consent to marketing texts advertising another service. Defendants have not established that Orange Cab's communications with its customers involved an inquiry regarding the customer's willingness to accept commercial text messages: in fact, there is evidence that the marketing scheme did not allow customers to opt out of receiving the messages. At most, defendants suggest that there may be some individuals who fall within the class definition who previously used a RideCharge product and, through the applicable Terms of Use, expressly agreed to accept electronic communications. Even if that were true, defendants do not attempt to explain how the terms governing a customer's access to or use of a RideCharge website or service (Dkt.

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 8

1  # 75 at 194) would be applicable where the customer eschews contact with RideCharge
2  and calls Orange Cab directly.

3        The Court offers no opinion on whether plaintiff will be able to prove the
4  uniform practice alleged by a preponderance of the evidence or whether that practice
5  violates CEMA.  "But Rule 23(b)(3) requires [only] a showing that questions common to
6  the class predominate, not that those questions will be answered, on the merits, in favor of
7  the class."  Abdullah v. U.S. Sec. Assocs., Inc., 731 F.3d 952, 964 (9th Cir. 2013)
8  (alternation in original, internal quotation marks omitted).  Where defendants offer only
9  the vague possibility that there may be some material variation in the circumstances of
10 individual class members, the ability to resolve the common issues on behalf of the entire
11 class is a significant benefit that is not outweighed by the possibility that some class
12 members may not be entitled to damages.

13      **2. Superiority of Class Action**

14        The superiority prong of Rule 23(b)(3) requires the Court to consider
15 whether "another method of handling the litigious situation may be available which has
16 greater practical advantages" than does class certification.  1966 Advisory Committee
17 Notes.  As alleged by plaintiff, defendants engaged in a uniform practice that violated
18 CEMA.  Actual damages resulting from the practice are likely to be minimal, leaving
19 class members with a claim for statutory damages.  The parties have not identified any
20 related litigation, either in this district or elsewhere.  There are no other potential
21 plaintiffs clamoring to control the prosecution of this action.  Such lack of interest
22 suggests that few individuals believe the amount at issue justifies the time and expense of
23 litigation.  Thus, a class action compiling all the small monetary claims into one large
24 claim may be the only recourse available to those allegedly injured by defendants'

25

26 ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 9

conduct.[3]

The Court must also consider "the likely difficulties in managing a class action" in this litigation. Plaintiff's CEMA claim is based on a unified theory: if he can prove that defendants' interactions with him violated the statute (and if the provision of a cellular telephone number does not authorize the commercial text messages at issue here), he will raise an inference of liability to the class as a whole. The most troublesome aspect of this litigation will likely be ensuring that defendants have a fair opportunity to identify any material differences among class members. Defendants contend that they will need to interview each class member to determine whether he or she gave express consent to RideCharge's text message. To the extent that consent is a defense under CEMA, it is not unreasonable to expect that defendants would maintain records sufficient to show that their marketing practices complied with the law. If they have not, the fact that additional inquiries may have to be made to prove their defense is not unfair and does not impose an overwhelming hurdle to the maintenance of this class action. Overall, litigation involving a representative plaintiff is decidedly more manageable than extensive joinder or the filing of numerous separate lawsuits and, if plaintiff's allegations are true, a class action may be the only practical means of providing a remedy to members of the class. The Court is convinced that class treatment of this litigation is superior to any other alternative.

---

[3] The desirability of centering this action in the Western District of Washington does not appear to be in dispute.

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 10

## OTHER CONCERNS

Defendants also argue that the proposed class is improper because (a) their records are insufficient to identify "customers of Orange Cab" or to determine whether a text message was sent to a customer on a cellular telephone and (b) individual inquiry will be necessary to determine whether each member provided express consent before receiving the commercial text message at issue. Plaintiff has now clarified that his proposed class definition includes all persons who received a "Dispatch Notification" containing a promotional text message from RideCharge on their cellular telephones after contacting Orange Cab through a means other than a RideCharge product. Dkt. # 78 at 3. In light of the Court's ruling on defendants' motion for summary judgment, the class should also be limited to persons within the State of Washington and the definition should more closely track the language of CEMA. With those changes, the Court finds that, although some investigation will be necessary, whether a person falls within or outside of the proposed class is based on objective and clear standards. A review of RideCharge's data will enable the parties to identify the telephone number to which a "Dispatch Notification" was sent, the cab company they contacted, and possibly the name and/or address of the recipient. The parties may have to do additional investigation to determine whether the telephone number is a cell phone or a land line and to link each cell number to an individual, but none of these hurdles is insurmountable.

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 11

For all of the foregoing reasons, plaintiff's motion for class certification is GRANTED. It is hereby ORDERED that the following class is certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

> All persons in the State of Washington who received a "Dispatch Notification" containing a commercial text message from RideCharge on their cellular telephones after contacting Orange Cab through a means other than a RideCharge product.[4]

Dated this 27th day of February, 2014.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[4] If plaintiff's TCPA claim is reinstated on reconsideration or interlocutory appeal, the parties shall propose a definition for a TCPA subclass within twenty-one days of reinstatement.

ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION - 12