UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TORREY GRAGG, on his own behalf and on behalf of similarly situated persons,

Plaintiff,

v.

ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware corporation d/b/a TAXI MAGIC,

Defendants.

Case No. C12-0576RSL

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On February 7, 2014, the Court granted defendants' motion for partial summary judgment regarding plaintiff's Telephone Consumer Protection Act ("TCPA") claim. Dkt. # 113. Plaintiff has filed a timely motion for reconsideration in which he argues that new legal authority undercuts the Court's analysis and that the Court should permit discovery regarding the capacity of defendants' system to function as an automatic telephone dialing system ("ATDS"). Dkt. # 116. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION

7(h)(1). Plaintiff has not met this burden.[1]

Defendants moved for summary judgment based on the undisputed characteristics of its proprietary dispatch notification system. Dkt. # 69. Defendants expressly argued that their system is unable to store or produce telephone numbers using a random or sequential number generator (47 U.S.C. § 227(a)(1)) or to dial telephone numbers from a list without human intervention (In the Matter of Rules & Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 566 ¶¶ 13-14 (Jan. 4, 2008)). Despite being put on notice that the functionality of defendants' system was the key issue, plaintiff did not request an opportunity to conduct additional discovery under Fed. R. Civ. P. 56(d).[2] Rather, plaintiff argued that defendants' equipment (a modem) could be programmed differently so that it could store lists of telephone numbers and send messages without human intervention. Plaintiff implicitly conceded that defendants' system, as currently configured, did not meet either definition of an ATDS. Being fully informed of the parties' respective positions and having carefully analyzed the relevant case law, the Court found that simply using a computer (or iPhone or modem) that could be, but was not, paired with software that would enable it to act as an ATDS was not enough to satisfy the "capacity" requirement of the TCPA. To hold otherwise would subject virtually all calls and text messages to the TCPA, since most modern computing systems and cell phones would, if properly programmed, be capable of storing telephone numbers and dialing them automatically

---

[1] This matter can be decided on the motion papers. Plaintiff's request for oral argument is DENIED.

[2] Nor has he shown, even now, that a continuance would have been appropriate. Plaintiff argues that he should be permitted to conduct discovery regarding (a) modifications that could be made to defendants' system to make it function as an ATDS and (b) how difficult it would be to make such modifications. As discussed below, however, the Court has interpreted "capacity" to mean "is capable of," not "could be capable of" or "has the potential to be capable of." In effect, plaintiff simply disagrees with the Court's interpretation of the governing statute. The discovery he seeks would not overcome the deficiency identified by the Court, namely that defendants' system, as currently configured, does not have the capacity to store or produce telephone numbers using a random or sequential number generator or to dial telephone numbers from a list without human intervention.

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION                -2-

1  if given a pre-defined trigger.

2        In his motion for reconsideration, plaintiff relies on two recent district court cases
3  in which defendants' motions for summary judgment were denied on the ground that plaintiffs
4  had raised a genuine issue of fact regarding the existence of an ATDS.  In both cases, the courts
5  suggested that the plaintiffs had met their burdens on summary judgment by showing that
6  defendants could obtain and install new software that would allow their systems to act as
7  ATDSs.  See Hunt v. 21st Mortgage Corp., 2014 WL 426275, at * 5 (N.D. Ala. Feb. 4, 2014)
8  (defendant's destruction of its system at a time when it knew of plaintiff's claim made it
9  impossible to determine, as a matter of law, whether enabling software "was in fact installed or
10 could have easily been installed"); Sherman v. Yahoo! Inc., __ F. Supp.2d __, 2014 WL 369384,
11 at * 7 (S.D. Cal. Feb. 3, 2014) ("Plaintiff points to the testimony of Yahoo's representative who
12 testified that it could, if it wanted to, dial all of the telephone numbers in its database with a
13 notification text message by writing new software code instructing the system to do so.").  These
14 district court decisions are not, of course, binding.  Nor are they particularly persuasive.

15       The governing authority in this circuit is Satterfield v. Simon & Schuster, Inc., 569
16 F.3d 946, 951 (9th Cir. 2009).  Plaintiff and the district courts in Hunt and Sherman cite
17 Satterfield in support of their expansive interpretation of the word "capacity" when determining
18 whether defendant used an ATDS.  The Ninth Circuit's discussion of the term arose in a very
19 narrow context, however, and does not justify the later judicial gloss on which plaintiff relies.
20 The defendants in Satterfield purchased and stored a list of 100,000 telephone numbers,
21 compiled a promotional message for a Stephen King book, and sent the combined file to a third-
22 party for transmission to cell phone users.  The district court focused its analysis on 47 U.S.C.
23 § 227(a)(1) and concluded that, because the process did not involve "a random or sequential
24 number generator," defendants had not used an ATDS.  Satterfield, 569 F.3d at 950-51.  The
25 Ninth Circuit found that the district court's focus was in error and that there was evidence, in the
26 form of expert testimony, that a system that "stored telephone numbers to be called and

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION      -3-

subsequently dialed those numbers automatically and without human intervention" was also an ATDS.  Id. at 951.  This alternative definition of an ATDS had been approved by the Federal Communications Commission, and the Ninth Circuit found it persuasive.  Although the expert "never specifically declared" that defendants' system could actually function as a predictive dialer, the "limited record demonstrates that there is a genuine issue of material fact whether this telephone system has the requisite capacity to be considered an ATDS under the TCPA."  Id.

There is nothing in Satterfield which supports, much less requires, an interpretation of the word "capacity" to mean anything more than "is capable of."  The TCPA defines an ATDS as "equipment which has the capacity" to do certain things.  47 U.S.C. § 227(a)(1).  The definition is written in the present tense, which is consistent with the consumer protection goals of the TCPA.  In Satterfield, the Ninth Circuit noted that the expert had not actually stated that defendants' system was capable of dialing the list of stored telephone numbers without human intervention, but found that there was enough in the record to give rise to a genuine issue of fact on the existence of an ATDS.  The case did not involve a situation in which it was clear that the system could not perform the functions of a predictive dialer unless it were modified or altered in some way.  There is no indication that the Ninth Circuit would deem a system that has to be reprogrammed or have new software installed in order to perform the functions of an ATDS to be an ATDS.  The Court declines to expand the definition of an ATDS to cover equipment that merely has the potential to store or produce telephone numbers using a random or sequential number generator or to dial telephone numbers from a list without human intervention.  Equipment that requires alteration to perform those functions may in the future be capable, but it does not currently have that capacity.  This interpretation is entirely consisted with Satterfield.

Plaintiff, relying on Hunt and Sherman, wants to sweep within the definition of an ATDS any hardware that could, if programmed differently, send the kind of automated messages that Congress found objectionable when it enacted the TCPA.  This argument is not consistent

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION                    -4-

with the language of the statute and its impacts would be untenable. Defendants' system, as presently configured, does not randomly or sequentially generate numbers and is not able to send a text message without human input. It is therefore incapable of performing as an ATDS. The mere fact that defendants' modem could, if paired with different software, develop the requisite capability is not enough under the TCPA or <u>Satterfield</u>. To hold otherwise would subject almost all sophisticated computers and cell phones to TCPA liability, a result Congress surely did not intend.

For all of the foregoing reasons, the Court declines to reconsider its summary judgment dismissal of plaintiff's TCPA claim. Plaintiff's request for certification to take an interlocutory appeal, which the Court is inclined to grant, will be considered when fully briefed.

Dated this 28th day of February, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge