UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORREY GRAGG, on his own behalf and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware corporation d/b/a TAXI MAGIC,<br><br>Defendants. | No. C12-0576RSL<br><br>DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Defendants RideCharge, Inc. (d/b/a "TaxiMagic") and Orange Cab Company, Inc. hereby submit this Notice of Supplemental Authority regarding Plaintiff's pending Motion for Summary Judgment (Dkt. 151). Judge Coughenour's unpublished order in *Agne v. Rain City Pizza, LLC*, No. C10-1139-JCC (W.D. Wash, filed June 17, 2011) [Dkt. 119] addressed and resolved the very same CEMA and CPA issues raised in Plaintiffs' motion and Defendants' opposition. A copy of Judge Coughenour's order is attached as **Exhibit A**.

///

DEFS.' NOTICE OF SUPPLEMENTAL AUTHORITY
RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. C12-0576RSL) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED this 19th day of May, 2015.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants

By: s/ *James Harlan Corning*
Kenneth E. Payson, WSBA #26369
Jaime Drozd Allen, WSBA #35742
James Harlan Corning, WSBA #45177
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206-622-3150
Fax: 206-757-7700
E-mail: kenpayson@dwt.com
jaimeallen@dwt.com
jamescorning@dwt.com

DEFS.' NOTICE OF SUPPLEMENTAL AUTHORITY
RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. C12-0576RSL) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Donald W. Heyrich**
Email: dheyrich@hkm.com
HKM Employment Attorneys, LLP
600 Stewart Street, Suite 901
Seattle WA 98101

**Albert H. Kirby**
Email: ahkirby@soundjustice.com
Sound Justice Law Group PLLC
936 N. 34th St. Suite 300
Seattle WA 98103

DATED this 19th day of May, 2015.

                    DAVIS WRIGHT TREMAINE LLP
                    Attorneys for Defendants

By:   *s/ James Harlan Corning*
        James Harlan Corning, WSBA #45177
        1201 Third Avenue, Suite 2200
        Seattle, Washington 98101-3045
        Telephone: (206) 622-3150
        Fax: (206) 757-7700
        E-mail: jamescorning@dwt.com

DEFS.' NOTICE OF SUPPLEMENTAL AUTHORITY
RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(No. C12-0576RSL) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA AGNE,<br><br>   Plaintiff,<br><br>   v.<br><br>RAIN CITY PIZZA, L.L.C. et al.,<br><br>   Defendants. | CASE NO. C10-1139-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Papa John's USA, Inc., and Papa John's International, Inc.'s motion to dismiss (Dkt. No. 83); Defendants' Rain City Pizza L.L.C., Edward Taliaferro, Kevin Sonneborn, and Rose City Pizza L.L.C.'s motion to dismiss (Dkt. No. 84); Plaintiff's motion to compel (Dkt. No. 81); Papa John's motion for a stay of discovery (Dkt. No. 88); and the parties' various responses and replies (Dkt. Nos. 93, 97, 98, 99, 102, 106, 106, 107, 108). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary, grants Defendants' motions to dismiss, grants Plaintiff leave to amend, grants Defendants' motion to stay discovery, and denies Plaintiff's motion to compel.

**I.   BACKGROUND**

Plaintiff seeks recovery under various state and federal statutes and common law for the alleged receipt of unsolicited commercial text or multimedia messages that Defendants sent to

her telephone. Plaintiff filed her putative class-action complaint alleging violations of the federal Telephone Consumer Protection Act, Washington's Commercial Electronic Mail Act, Washington's Automatic Dialing and Announcing Device Act, Washington's Consumer Protection Act, and common-law negligence. Defendants contend that Plaintiff's complaint pleads insufficient facts to state any claim for relief. They further argue that potential amendments to the complaint would be futile because the law does not provide recovery for the allegations. Defendants have also moved to stay discovery, and Plaintiff has moved to compel discovery.

## II. DISCUSSION

### A. Rule 8

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint has stated a claim "plausible on its face" when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing Defendants' motion, then, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of Plaintiffs. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of 'entitlement to relief'": if the facts are merely consistent with Defendants' liability but cannot ground a reasonable inference that Defendants actually are liable, the motion to dismiss will succeed. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Moreover, "[a]t least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class." *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993).

The Court concludes that Plaintiff has not pleaded sufficient facts necessary to sustain any asserted claims, primarily because Plaintiff omits necessary factual allegations regarding the specific message or messages she received. In particular, Plaintiff's complaint provides a history of telephonic communications, leading to short-message-service ("SMS" or commonly understood as "text") messages as well as multimedia-service ("MSS") messages. Plaintiff describes a broad array of the types of injuries that *may* result from receiving unsolicited messages—increased data costs, loss of storage capacity, and invasion of privacy—and alleges that Defendants sent these messages to thousands of people. Then, referring to the thousands of messages allegedly sent to the putative class members, Plaintiff asserts with respect to herself that "[t]hese messages played commercial solicitations upon the telephonic devices (e.g., cellular telephones) of Representative Plaintiff, other residents of Washington State, and other persons in the jurisdiction of the United States." (Dkt. No. 72 at 10). This allegation is the only Plaintiff-specific allegation in the entire complaint.[1] It alone is insufficient to state a claim.

Although Rule 8 does not require that plaintiffs plead facts with particularly, Plaintiff's bare factual allegation provides insufficient notice to Defendants regarding the message or messages Plaintiff claims to have received. There is no allegation regarding how many messages Plaintiff received. There is no allegation regarding when Plaintiff received the message or messages. There is no allegation regarding what the message or messages contained. There is no allegation regarding whether Plaintiff received only a visual text message or whether she received multimedia messages, with audio and video. There is no allegation regarding the phone number from which she received the message or messages. Plaintiff's complaint focuses on the putative class, but it must first establish standing and sufficiently plead a claim for the named

---

[1] The complaint alleges that the messages generated sounds, vibrated the phone, played a video, and displayed text. (Dkt. No. 72 at 10). Yet the complaint does not differentiate between the messages allegedly received by all the putative class members and those received by Plaintiff.

plaintiff. The purpose of Rule 8 is to provide a short and plain statement of the claim in order to "give the defendant fair notice of what that claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At best, Plaintiff alleges that at some unknown time at least one of the Defendants sent to her telephone an unsolicited message. That type of bare allegation is insufficient to cross the line between possibility and plausibility of entitlement to relief described in *Iqbal*. *See Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) (dismissing a complaint for violations of the Telephone Consumer Protection Act of 1991 for nearly identical reasons).

Nonetheless, the Court grants Plaintiff leave to amend her complaint. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

### B. Telephone Consumer Protection Act

The absence of specific facts regarding the message or messages Plaintiff allegedly received is particularly important for the relief she seeks under federal and state statutory and common law. In her amended complaint, Plaintiff must identify the specific facts that set forth each distinct claim for relief.

For example, under her claim for violation of the Telephone Consumer Protection Act of 1991, Plaintiff must plead that Defendants sent unsolicited messages using an automatic telephone dialing system specifically to Plaintiff's phone service for which she was charged for the message. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009); *see also id.* at 952 (holding that a text message is a "call" within the meaning of the act); *Kramer v. Autobytel, Inc.*, No. 10-cv-02722 CW, 2010 WL 5463116, at *4 (N.D. Cal. Dec. 29, 2010) ("As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that,

upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.'").[2]

### C. Commercial Electronic Mail Act

Plaintiff seeks monetary damages for alleged violations of Washington's Commercial Electronic Mail Act. *See* Wash. Rev. Cod. § 19.190.060 ("No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages."). Section 19.190.040 states that damages for the receipt of improperly delivered text messages are the greater of five hundred dollars or actual damages. Yet Washington amended the statute to include section 19.190.090, which states that "[a] person who seeks damages under this subsection may only bring an action against a person or entity that directly violates RCW 19.190.080." *Id.* § 19.190.090. Section 19.190.080 prohibits not the delivery of commercial text messages but solicitation of "personally identifying information by means of a web page, electronic mail message, or otherwise using the internet by representing oneself, either directly or by implication, to be another person, without the authority or approval of such other person."

There is obvious tension between section 19.190.090, which limits a plaintiff's ability to pursue civil damages for improperly delivered text messages, and section 19.190.040, which defines damages for the improperly delivered text messages as the greater of five hundred dollars or actual damages. Nonetheless, the Court defers to the legislature's most recent decision to

---

[2] Although Plaintiff cannot allege without factual support that Defendants used an automatic telephone dialing system, Plaintiff also cannot reasonably know absent discovery whether Defendants used such a device. Accordingly, the remaining facts alleged in the amended complaint—particularly those surrounding the content and receipt of the message or messages—must be sufficient for the Court to conclude that there is a plausible claim that Defendants used an automatic telephone dialing system.

1 amend the statute—section 19.190.080—that explicitly limits recovery of monetary damages in
2 civil actions to situations involving the improper solicitation of personally identifying
3 information. *See Citizens for Clean Air v. City of Spokane*, 785 P.2d 447, 456 (Wash. 1990)
4 ("Generally, provisions of a specific more recent statute prevail in a conflict with a more general
5 predecessor."); *Muije v. Dep't of Soc. & Health Servs.*, 645 P.2d 1086, 1087 (Wash. 1982) ("We
6 adhere to the principle that provisions of a specific statute, such as the CSL, will prevail if there
7 is a conflict with provisions of a general statute, such as the APA, and the specific statute is
8 passed subsequent to the APA."); 73 Am. Jur. 2d *Statutes* § 169 (2011) ("[W]here statutes are in
9 conflict, the one last enacted in point of time generally prevails, as being the latest expression of
10 the legislative intent. In fact, in this regard, it has been said that the general rule of statutory
11 interpretation is that a subsequent statutory provision prevails over a pre-existing and
12 irreconcilably conflicting provision which is not expressly repealed." (footnotes omitted)).
13 Plaintiff's complaint does not allege that Defendants asked for personally identifying
14 information, used the Internet, or represented themselves as another entity. Accordingly, the
15 Court dismisses Plaintiff's second cause of action as pleaded.

16    However, Plaintiff may seek damages in her amended complaint using the Commercial
17 Electronic Mail Act as a per se violation of certain components of the Consumer Protection Act.
18 *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 536 (Wash.
19 1986) ("Where the Legislature specifically defines the exact relationship between a statute and
20 the CPA, this court will acknowledge that relationship."). Specifically, § 19.190.060(2) states
21 that a violation of the provision prohibiting commercial-solicitation text messages vitally affects
22 the public interest for purposes of applying the Consumer Protection Act. The statute also
23 concludes that a violation "is an unfair or deceptive act in trade or commerce and an unfair
24 method of competition," satisfying the first three elements of a successful Consumer Protection
25 Act claim. *See Hangman Ridge*, 719 P.2d at 539 ("The term 'per se violation' is thus imprecise.
26 It should be replaced by 'per se public interest' or 'per se unfair trade practice', depending upon

ORDER - NO. C10-1139-JCC
PAGE - 6

which element or elements are satisfied per se."); 6A Wash. Prac., Wash. Pattern Jury Instr.: Civ. 310.01 notes on use (5th ed. 2011) ("If the first two or the first three propositions may be proved by violation of a statute (for example, a Washington statute that makes a violation of that statute a *per se* violation of the Consumer Protection Act), use WPI 310.03, Per Se Violation of Consumer Protection Act."); *id.* at 310.03. Whether Plaintiff is limited to actual damages with the possibility for trebling, *see* Wash. Rev. Code § 19.86.090, or whether Plaintiff may recover statutory damages via the Consumer Protection Act is an issue the Court need not address at this juncture.

### D. Washington's Automatic Dialing and Announcing Device Act

Plaintiff seeks relief for alleged violations of Washington's Automatic Dialing and Announcing Device Act. The act prohibits the use of an automatic dialing and announcing device for the purposes of commercial solicitations. Wash. Rev. Code § 80.36.400. An automatic dialing and announcing device is "a device which automatically dials telephone numbers and plays a recorded message once a connection is made." *Id.* § 80.36.400(1)(a). "Commercial solicitation means the unsolicited initiation of a telephone conversation for the purpose of encouraging a person to purchase property, goods, or services." *Id.* § 80.36.400(1)(b).

Initially, there is no specific allegation in the complaint that Defendants used an automatic dialing and announcing device to play a recorded message once a connection was made to Plaintiff's telephone. *See supra* Part II.A. Moreover, section 80.36.400 does not appear to create a private cause of action; it provides only a per se violation of the Consumer Protection Act. The Court therefore dismisses this cause of action as pleaded.

Although Plaintiff may file an amended complaint, she cannot plead a set of facts that would entitle her to relief under the Automatic Dialing and Announcing Device Act. The plain language of the statute prohibits the use of devices that play a recorded message once a connection is made. Text messages, unlike traditional telephone calls contemplated in the statute, do not play recorded messages; they merely display static words. And while multimedia

messages may play audio or video content, they do not play that content at the moment of connection. Instead, at the moment of connection, the content is stored on the cellular phone, awaiting the user's decision to play or delete the message.

Moreover, neither text nor multimedia messages initiate *telephone* conversations in the same manner contemplated by the statute. Advances in cellular and computer technology combined with commercial ingenuity have produced hand-held devices that today perform more functions than the traditional telephone. Although businesses and consumers often refer to these multiuse devices as "telephones," they are distinct from the telephones envisioned by the Automatic Dialing and Announcing Device Act, enacted in 1986. Indeed, businesses and consumers often distinguish "smart phones" from traditional telephones by referring to smart phones as single devices that perform the function of several devices. One function smart phones perform is traditional telephone service. Another, separate, function performed is text- and multimedia-messaging service. The term "telephone conversation" as used in the Automatic Dialing and Announcing Device Act is distinct from text and multimedia-messaging conversations occurring through a multipurpose device, one function of which is traditional telephone service.

In the setting of a traditional phone call, the recipient of a ringing telephone expects to answer the call and hear[3] a live person on the other end of the line. Automatic dialing and announcing devices trick the recipient into believing that a live person is on the telephone, surreptitiously encouraging the recipient to answer the telephone. When the recorded message is played, the recipient cannot immediately question the seller about the veracity of the claims as expected. *See* Wash. Rev. Code § 80.36.400, Leg. Finding 1986 c. 281 § 1 (explaining that automatic and announcing devices used for commercial solicitation "[d]eprives consumers of the opportunity to immediately question a seller about the veracity of their claims.") In the setting of

---

[3] A hearing-impaired individual may have a telephonic device that permits visual connection upon answering the phone.

a text or multimedia message, however, the recipient does not "answer" the call in the same manner, and the recipient is not similarly expecting to immediately converse with a live person through traditional telephone communication.

The language of the Automatic Dialing and Announcing Device Act does not lend itself to easy resolution of whether it covers commercial text and multimedia messages. Indeed, applying the act to text and multimedia messages would achieve many of Washington's consumer-protection goals. But this Court should not stretch the meaning of the act to apply to situations where Washington may easily address the situation; where Washington has permitted the Utilities and Transportation Commission to adopt additional rules regulating automatic dialing and announcing devices, Wash. Rev. Code § 80.36.400(4); and where Washington has recently enacted a statute specifically designed to address commercial text messages. *See id.* § 19.190.060.

Accordingly, the Court concludes that Plaintiff cannot state a claim under the Automatic Dialing and Announcing Device Act.[4]

### E.   Washington's Consumer Protection Act

Plaintiff has not met the *Twombly* and *Iqbal* standard of pleading sufficient facts to sustain her asserted violation of the Consumer Protection Act. Without more facts regarding the specific message or messages she received and the harm she allegedly suffered, Defendants have not been put on sufficient notice of the claims against them. In particular, Plaintiff pleads only that Defendants "engaged in unfair or deceptive acts and practices." (Dkt. No. 72 at 18.) This mere legal conclusion cannot withstand a *Twombly* and *Iqbal* challenge. However, Plaintiff may be able to allege particular facts in an amended complaint to meet that standard. Moreover, Plaintiff may also assert in an amended complaint a per se violation of the Consumer Protection

---

[4] Even if the Court concluded that the terms of the statute were ambiguous, the legislative history of the Automatic Dialing and Announcing Device Act does not suggest that Washington intended to regulate commercial text and multimedia messages delivered to cellular telephones.

Act via the Commercial Electronic Mail Act.

**F.     Negligence**

"[B]reach of a statutory duty is not negligence in and of itself, but rather is evidence of negligence." *Mathis v. Ammons*, 928 P.2d 431, 435 (Wash. Ct. App. 1996). As explained earlier, Plaintiff's complaint does not comply with *Twombly* and *Iqbal* and must be dismissed for failure to state a claim. Nonetheless, Plaintiff may be able to sufficiently plead in an amended complaint violations of certain federal and state statutes that support a claim for negligence. Plaintiff is also entitled to plead claims in the alternative. Although the negligence claim may be duplicative of her statutory claims, at this early stage in the litigation, the Court will allow the alternative claims to proceed in a sufficiently pleaded amended complaint.

**G.     Individual Defendants**

The Court similarly dismisses the claims against Defendants Sonneborn and Taliaferro because the current complaint does not allege the facts stated in her opposition brief, namely, that these individuals acted under a false limited liability company and are personally liable as general partners. Nonetheless, Plaintiff may include these allegations in her amended complaint.

**III.    CONCLUSION**

The complaint contains a significant amount of factual detail about the conduct affecting the putative class members, but it omits nearly all the necessary factual information regarding the named Plaintiff. Without allegations of specific facts regarding the message or messages received by Plaintiff, and without addressing the statutory issues described in this Order, Plaintiff's action cannot proceed.

Accordingly, the Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 83, 84). The Court also GRANTS Defendants' motion to stay discovery (Dkt. No. 88) and DENIES Plaintiff's motion to compel (Dkt. No. 81) pending the filing of an amended complaint. The Court GRANTS Plaintiff leave to amend her complaint addressing the deficiencies describes in this Order. Plaintiff may file an amended complaint no later than July 12, 2011.

DATED this 17th day of June 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE