UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
TORREY GRAGG, on his own behalf and ) No. C12-0576RSL
on behalf of other similarly situated persons, )
)
                       Plaintiffs, )
      v. ) ORDER DENYING MOTION FOR
) CERTIFICATION UNDER § 1292(b)
ORANGE CAB COMPANY, INC., *et al.*, ) AND CERTIFYING ISSUES TO
) WASHINGTON SUPREME COURT
                       Defendant. )
_____)

This matter comes before the Court on defendants' motion to certify an interlocutory appeal to the Ninth Circuit regarding the Court's determination that CEMA's liquidated damages provision satisfies the injury and causation elements of plaintiffs' CPA claim. Dkt. # 165.[1] Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is

---

[1] Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds that this matter can be decided without oral argument.

ORDER DENYING MOTION FOR CERTIFICATION
UNDER § 1292(b) AND CERTIFYING ISSUES TO
WASHINGTON SUPREME COURT

made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir.1982)). While the appeal need not have a final, dispositive effect on all issues raised in the litigation, the district court must be of the opinion that it would "materially advance the ultimate termination of the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681 (9th Cir. 2011).

That is not the case here. The Ninth Circuit previously declined to hear interlocutory appeals regarding the dismissal of plaintiff's TCPA claim and the certification of a class in this action. In addition, the Court has found that defendants violated CEMA, but that the violation can be remedied only through injunctive relief under that statute, not by an award of damages. Interlocutory review of only one prong of the Court's CPA analysis will not materially advance the ultimate termination of the litigation and all but guarantees multiple appeals. The request for certification under § 1292(b) is therefore DENIED.

The Court has *sua sponte* considered whether certification of the state law issues to the Washington Supreme Court is warranted. Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process serves the important judicial interests of efficiency and comity: as noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

The Court finds that this matter involves dispositive issues of first impression regarding

ORDER DENYING MOTION FOR CERTIFICATION
UNDER § 1292(b) AND CERTIFYING ISSUES TO
WASHINGTON SUPREME COURT            -2-

the interpretation of CEMA and the interplay between CEMA and the CPA. Although the Court has already expended "time, energy and resources" considering these issues, obtaining the input of the state's highest court will ensure that this case proceeds to judgment (and through any appeal) on a firm legal footing. This matter will therefore be presented for expedited review pursuant to RCW 2.60.020. The following questions are hereby certified to the Supreme Court of Washington:

> Does the recipient of a text message that violates CEMA have a private right of action for damages (as opposed to injunctive relief) directly under that statute?
>
> Does the liquidated damages provision of CEMA, RCW 19.190.040(1), establish the causation and/or injury elements of a CPA claim as a matter of law or must the recipient of a text message that violations CEMA first prove injury in fact before he or she can recover the liquidated damage amount?

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the docket in the above-captioned matter, and Dkt. # 44-51, 54, 151, 152, 155-59, and 162-164. The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer.

The defendant in this action is designated as the appellant before the Supreme Court of Washington. The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed in the Supreme Court of Washington. The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court.

ORDER DENYING MOTION FOR CERTIFICATION
UNDER § 1292(b) AND CERTIFYING ISSUES TO
WASHINGTON SUPREME COURT           -3-

The Court will consider plaintiff's second motion for reconsideration (Dkt. # 168) when it is fully briefed. The remainder of the case is hereby STAYED until the Supreme Court of Washington answers the certified questions.

Dated this 22nd day of April, 2016.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge