THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TORREY GRAGG, on his own behalf and
on behalf of other similarly situated persons,

          Plaintiff,

v.

ORANGE CAB COMPANY, INC., a
Washington corporation; and RIDECHARGE,
INC., a Delaware Corporation, doing business
as TAXI MAGIC,

          Defendants.

Case No. 2:12−cv−00576−RSL

DECLARATION OF DONALD W.
HEYRICH IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT

I, Donald W. Heyrich, declare as follows:

1.   I am an attorney of record for Plaintiff Torrey Gragg and the certified class.  I have personal knowledge of the matters set forth herein and if called to do so I could and would testify competently under oath.

2.   I am an attorney licensed to practice law in the State of Washington and the founding partner of the law firm of HKM Employment Attorneys LLP, which has offices in Seattle, Portland, Los Angeles, and Denver.  If called to testify as to the matters set forth herein, I could and would do so competently.

3.   I have extensive class action experience and am therefore qualified and competent to represent the class in the above-entitled action and to make representations as to the

DECLARATION OF DONALD W. HEYRICH
Case No. 2:12−cv−00576−RSL - 1

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

adequacy of the proposed settlement.  I have been a member of the bar for 23 years.  From 1993 to 1995, I served as a law clerk for the Washington Court of Appeals.  From 1995 to 1996, I worked as a Deputy Prosecuting Attorney in the Civil Division of the Office of the King County Prosecuting Attorney, where I litigated civil cases including class actions on behalf of King County.  From 1997 through 2007, I practiced law as an associate and then as a partner at Perkins Coie LLP, where I litigated employment and ERISA cases, including class actions.  I left the Perkins Coie partnership in 2007 and formed my own law firm.  I am now the senior partner at HKM Employment Attorneys LLP.

4.   On the defense side, I was co-counsel in defense of class actions against King County, co-counsel in several nationwide class actions against The Boeing Company, and co-counsel in defense of class actions against Qwest Communications International Inc.  On the plaintiff side, I was co-counsel in a successful consumer class action against Greenpoint Mortgage Funding, Inc. and Capital One Financial Corporation.  I also have served as Class Counsel in *Agne v. Papa John's Int'l et al*, No. 2:10-cv-01139 (W.D. Wash.) (certified nationwide class action involving claims under the Telephone Consumer Protection Act and Washington Consumer Electronic Mail Act), *Savage et al. v. Beacon Plumbing et al*., Case No. 12-2-8363-1 (King County Superior Court) (certified class action under the TCPA and CEMA); *Ferencz v. Universal Mens' Clinic*, Case No. 13-2-15314-9 SEA (King County Superior Court) (certified class action under the TCPA and CEMA); *Town v. Hotel Concepts of Kitsap*, 14-2-28148-0 SEA (King County Superior Court) (certified class action for minimum and overtime wages); *Monaco v. D.A. Davidson Companies*, No. 5:16-cv-00332-SJO (C.D. Cal.) (certified class action under the Fair Credit Reporting Act), and *Passmore v. Duck Delivery*, Case No. 120812581 (Multnomah County Circuit Court) (certified wage and hour class action). In addition, I am currently counsel for the plaintiff in a pending wage and hour class action against Apple, Inc. and Systems Integration Solutions, Inc. which was filed in December 2014 in Alameda Superior Court (Xu v. SIS, Inc. et al., Case No. RG14751629) but is currently

DECLARATION OF DONALD W. HEYRICH
Case No. 2:12−cv−00576−RSL - 2

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

proceeding in class arbitration.  I also represent a class of over 10,000 employees in a wage and hour class action against The Kroger Co. currently pending in King County Superior Court in Washington State (*Sue Jin Yi et. al v. The Kroger Co., et al.*, Case No. 14-2-19935-O-SEA), and a proposed class of over 3,000 employees in a wage and hour class action against Overlake Hospital Medical Center currently pending in King County Superior Court in Washington State (*Steeb v. Overlake Hospital Medical Center*, Case No. 14-2-00434-1-SEA).

5.   I am listed in *Best Lawyers in America* and I have been recognized as a "Washington Super Lawyer" by Washington Law and Politics from 2010 to 2017; a "Leading Lawyer in the Puget Sound Region" by Seattle Business (January 2013); and as one of the "Top Lawyers in Washington" by Washington CEO magazine (2008).

6.   I am admitted to practice and have appeared in the following jurisdictions and courts:  United States Court of Appeals for the Eighth Circuit; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the Tenth Circuit; United States Court of Appeals for the Eleventh Circuit; United States District Court for the District of Oregon; United States District Court for the Eastern District of Washington; United States District Court for the Western District of Washington; the State of Oregon; and the State of Washington.  In addition, I have appeared Pro Hac Vice in the United States District Courts in Arizona, California, Georgia, Idaho, Iowa, Minnesota, Mississippi, Nebraska, New Mexico, New York, North Dakota, and Utah.

7.   Attached hereto as EXHIBIT 1 is a true and correct copy of the Settlement Agreement and Release of Claims executed by all parties and all counsel in this matter.

8.   The Court issued multiple orders on discovery in this matter, including an order requiring extensive electronic discovery.  Following these rulings, thousands of documents were exchanged.  In addition, Defendants produced electronic data in native form which required Plaintiffs to hire SQL data experts to run, cross-reference, and analyze data consisting of millions of separate records.  This effort and the review of other documents produced by

DECLARATION OF DONALD W. HEYRICH
Case No. 2:12−cv−00576−RSL - 3

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

defendants took months of continuous work and required Plaintiffs' counsel to hire additional staff.  The result was a searching, extensive, and costly discovery process that was necessary to build a class list to ultimately gain certification by this Court and establish a plan for notice to the certified class.  In addition, the parties took multiple depositions including of Mr. Gragg, a 30(b)(6) deposition of RideCharge's former CEO, Thomas DePasquale, a 30(b)(6) deposition of Orange Cab Manager, Tadesse Woldearegaye, and Twilio representative Ameer Badri in San Francisco, California.  Finally, three separate sets of Requests for Production, Interrogatories, and two sets of Requests for Admissions were served, contested, and exchanged.

9.   Earlier in this case, plaintiffs' counsel submitted comments to the Federal Communications Commission in connection with a request for comment regarding the definition of automatic telephone dialing system under the Telephone Consumer Protection Act.

10.   The parties engaged the Honorable Edward A. Infante (Ret.), an experienced mediator and former Chief Magistrate Judge of the United States District Court for the Northern District of California, who has developed a national reputation as an expert on TCPA cases.  Due to the significance of the case, as well as the difficulty in finding a resolution, the parties agreed to the expense and time necessary to conduct a full day mediation out-of-state.  The parties exchanged detailed mediation statements and exchanged hundreds of pages of documents, outlining their arguments in light of the discovery record.  Even after a full day of mediation, the case did not resolve.  The parties continued settlement discussions with the aid of Judge Infante, and for the next four months the parties worked on putting together a settlement agreement that would balance the Defendants' financial condition against the risks and potential financial exposures.  A settlement in principle was reached in September with this fully-signed settlement agreement occurring on January 19, 2017.

11.   The proposed class receiving the benefits and scope of this settlement is proposed as follows:  "All persons or entities who received at least one Orange Cab dispatch notification

DECLARATION OF DONALD W. HEYRICH
Case No. 2:12−cv−00576−RSL - 4

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

text message on their cellular telephone from RideCharge." The Class is believed to include up to 69,194 individuals, of which Plaintiff's data experts have identified mailing addresses for 53,808.

12. A focus during negotiations was Defendants' offering of proof that both Orange Cab and RideCharge simply do not have the ability to satisfy the range of potential judgments that both the TCPA and CEMA claims present. Plaintiffs have worked with Defendants to understand these financial factors and are satisfied that the only viable means of securing any relief from the class is to secure payments from the Earn-Out. Therefore, although the Taxi Vouchers will be paid with the mailing of class notice, both the cash payments to eligible Class Member claimants under this settlement, and Plaintiff's costs, attorney fees, and incentive award will be funded from a portion of RideCharge's Earn-Out.

Executed on January 31, 2017, in Seattle, Washington.

*/s/ Donald W. Heyrich, WSBA #23091*
Donald W. Heyrich, WSBA #23091
**HKM Attorneys**
600 Stewart Street, Suite 901
Seattle, WA 98101
Tel: (206) 838-2504
Fax: (206) 260-3055
Email: dheyrich@hkm.com

DECLARATION OF DONALD W. HEYRICH
Case No. 2:12−cv−00576−RSL - 5

**HKM Attorneys**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

## **DECLARATION OF SERVICE**

I, the undersigned, certify that, on this date, I filed the foregoing document via the ECF system which will serve a copy on the counsel listed below:

Kenneth E. Payson, WSBA #26369
Jaime Drozd Allen, WSBA # 35742
James Harlan Corning, WSBA #45177
Jordan A. Clark, WSBA #49659
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150
kenpayson@dwt.com
jaimeallen@dwt.com
jamescorning@dwt.com
jordanclark@dwt.com

Benjamin A. Stone
Benjamin.Stone@lewisbrisbois.com
John T. Bender
John.Bender@lewsbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
1111 3rd Ave Ste 2700
Seattle, WA 98101-3224

Dated:  January 31, 2017

*/s/ Donald W. Heyrich, WSBA #23091*

DECLARATION OF DONALD W. HEYRICH
Case No. 2:12−cv−00576−RSL - 6

**HKM ATTORNEYS**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

# EXHIBIT 1

# Settlement Agreement and Release of Claims

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into as of the last date of any signature below ("Execution Date") by and among the Parties:

(a) Orange Cab Company, Inc. ("Orange Cab") and RideCharge, Inc. ("RideCharge") (collectively, "Defendants"), and

(b) Representative Plaintiff Torrey Gragg ("Representative Plaintiff"), individually and as the representative of the proposed Settlement Class.

## RECITALS

**A.** Representative Plaintiff Torrey Gragg filed a lawsuit against Defendants under the caption *Torrey Gragg v. Orange Cab Company, Inc. & RideCharge, Inc.*, initially in King County, but which was removed to the United States District Court for the Western District of Washington as Case No. 2:12-cv-00576-RSL (W.D. Wash.) (the "Action"). The Action is pending before the Honorable Robert S. Lasnik ("Court"). In the Action, Representative Plaintiff claims, among other things, that Defendants sent text messages to cellular telephones in violation of state and federal law.

**B.** Defendants deny the material allegations in the Action and deny all liability with respect to the facts and claims alleged in the Action. Nevertheless, without admitting or conceding any liability whatsoever, and while continuing to deny that the claims asserted in the Action would be appropriate for class treatment if prosecuted at trial, Defendants now desire to settle the Action on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing litigation and to put to rest all claims that were, or could have been, brought in the Action or in similar litigation based on the facts alleged in the Action.

**C.** Class Counsel, as defined below, have analyzed and evaluated the merits of all Parties' contentions, the risks that the Court might not certify a class, and the impact of this Agreement on the members of the Settlement Class, as defined below. Moreover, Defendants have represented that due to their current financial condition that they are unable to satisfy any significant recovery beyond what has been negotiated here. Based on that analysis and evaluation, in reliance on these representations and supporting information, and recognizing the risks of continued litigation and the likelihood that the Action, if not settled now, may be protracted and will further delay any relief to the proposed class, Representative Plaintiff and Class Counsel, as defined below, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action on the terms described herein is in the best interests of the proposed Settlement Class.

NOW, THEREFORE, in consideration of the covenants and agreements set forth in this Agreement, the Parties, for themselves and through their undersigned counsel, agree to the following settlement, subject to Court approval, under the following terms and conditions:

## I.    DEFINITIONS

In addition to the terms defined parenthetically elsewhere in this Agreement, the following definitions apply to this Agreement.

**1.01**    "Cash Payments" has the meaning set forth in Paragraph 2.01(c).

**1.02**    "Cash Relief" means, collectively, (i) the Cash Payments to be funded and paid to Eligible Claimants as set forth in Paragraphs 2.01 and 2.02 below, (ii) the attorneys' fees and costs to be funded and paid as set forth in Paragraph 2.02 below, and (iii) the Service Award to be funded and paid to Representative Plaintiff as set forth in Paragraph 2.02 below.

**1.03**    "Claim Form" means a form that is substantially in the form set forth on the last page of the attached Exhibit D.  The requirements for submission of a valid Claim Form eligible for Claims Payments are detailed in Paragraph 4.03 below.

**1.04**    "Claim Payments" means, collectively, the First Voucher Payments, the Second Voucher Payments, and the Cash Payments.

**1.05**    "Class Counsel" means Donald W. Heyrich of HKM Employment Attorneys LLP and Albert H. Kirby of Sound Justice Law Group PLLC.

**1.06**    "Class Notice" or "Notice" means the notice to be sent to the Settlement Class of the class action status and proposed settlement of the Action.  The Class Notice will include a Settlement Hearing date set by the Court to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment.  The Class Notice will be in substantially the forms attached as Exhibits B, C, and D.

**1.07**    "Earn-Out Funds" means, collectively, the portion of the One Million Dollar ($1,000,000.00) "minimum" earn-out amount that is actually received by RideCharge for each of the three Earn-Out Years, pursuant and subject to the terms of that certain Asset Purchase Agreement dated as of October 8, 2015, between RideCharge and Verifone, Inc. ("Verifone") (as amended from time, the "Asset Purchase Agreement").

**1.08**    "Earn-Out Year" means each of (a) the twelve-month period beginning November 1, 2015, and ending October 31, 2016, (b) the twelve-month period beginning November 1, 2016, and ending October 31, 2017, and (c) the twelve-month period beginning November 1, 2017, and ending October 31, 2018.

**1.09**    "Eligible Claimant" means a Settlement Class Member who complies fully with the claims submission requirements set forth in Paragraph 4.03 below, including the requirements of timely and complete submission.

**1.10**    "Final Approval" means that all of the following have occurred:

(a)    The Court has entered the Settlement Order and Final Judgment;

Page 2 of 17

(b)    The Court has made its final award of attorneys' fees, costs, and Service Award; and

(c)    Thirty-one (31) calendar days have passed after entry of the Settlement Order and Final Judgment by the Court without any appeals or requests for review of the Court's Settlement Order and Final Judgment being filed, or, if appeals or requests for review have been filed, the time has passed for seeking further review after orders on appeal affirming the Settlement Order and Final Judgment, or review has been denied after exhaustion of all appellate remedies.

**1.11**    "First Voucher Payments" has the meaning set forth in Paragraph 2.01.

**1.12**    "Parties" means Representative Plaintiff and Defendants.

**1.13**    "Preliminary Approval" means the Court has entered an order substantially in the form of Exhibit A to this Agreement, preliminarily approving the terms and conditions of this Agreement, including the manner of providing Class Notice to the Settlement Class.

**1.14**    "Released Claims" means any and all claims, rights (including rights to restitution or reimbursement), demands, actions, causes of action, suits, liens, damages, attorneys' fees, obligations, contracts, liabilities, agreements, costs, expenses or losses of any nature, whether known or unknown, direct or indirect, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected, equitable or legal, and whether under federal statutory law, federal common law or federal regulation, or the statutes, constitutions, regulations, ordinances, common law, or any other law of any and all states or their subdivisions, parishes or municipalities that arise out of or relate in any way to sending text messages (including but not limited to texts using an "automatic telephone dialing system," "automatic dialing or announcing device") to any cellular telephone service or number for any purpose (including but not limited to solicitation or informational purposes), that have been, or could have been, brought in the Action, as well as any claims arising out of the same nucleus of operative facts as any of the claims asserted in the Action.  In addition, with respect to Representative Plaintiff only, "Released Claims" includes all claims arising, or that could arise in the future, out of any conduct or omissions occurring as of, or prior to, the Execution Date that might be attributable to Defendants.

**1.15**    "Released Parties" means Orange Cab Company, Inc., RideCharge, Inc., Verifone, Inc., along with each of their respective affiliates, parents, direct and indirect subsidiaries, agents, insurers, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, managers, employees, agents, contractors, servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf.

**1.16**    "Representative Plaintiff" means the plaintiff in this Action, Torrey Gragg.

**1.17**    "Second Voucher Payments" has the meaning set forth in Paragraph 2.01.

Page 3 of 17

**1.18**    "Service Award" means the payment to Representative Plaintiff for his time and effort in connection with this action in an amount approved by the Court not to exceed Seven Thousand Five Hundred Dollars ($7,500.00).

**1.19**    "Settlement Administration" means the process under the Court's supervision, that includes, but is not limited to, the manner in which the Class Notice, and the making of the calculations, payments, and distributions required under this Agreement, are effectuated. Defendants will pay for the cost of Settlement Administration as described in Paragraph 2.04 below.

**1.20**    "Settlement Administrator" means JND Legal Administration which will perform Settlement Administration in this case.  If the Settlement Administrator identified above becomes unable or unwilling to fulfill its duties under this Agreement to the Parties' satisfaction, Defendants shall select a replacement subject to the approval of Class Counsel, which shall not be unreasonably withheld.

**1.21**    Except as otherwise provided in this Paragraph, "Settlement Class" means:

> All persons or entities who received at least one Orange Cab dispatch notification text message on their cellular telephone from RideCharge.

The Settlement Class does not include Defendants, any entity that has a controlling interest in any Defendant, and Defendants' current or former directors, officers, counsel, and their immediate families.  The Settlement Class also does not include any persons who validly request exclusion from the Settlement Class.

**1.22**    "Settlement Class Members" means persons and entities meeting the definition of the Settlement Class.

**1.23**    "Settlement Fund" means the total amount of the Cash Relief, First Voucher Payments, Second Voucher Payments, and Settlement Administration expenses that Defendants will make available for payments and other relief under this Agreement, as set forth in Section II below.  Except as specified in this Paragraph, Defendants are not required to place all or any of the cash portion of the Settlement Fund into a separate bank account and will not relinquish control of any funds until payments are due.  Defendants shall not be responsible for any payments or obligations other than those specified in this Agreement.

**1.24**    "Settlement Hearing" means the hearing to be set by the Court to consider objection, if any, to the settlement and to enter the Settlement Order and Final Judgment.

**1.25**    "Settlement Order and Final Judgment" means an order and judgment substantially in the form of Exhibit E to this Agreement, entered by the Court approving this Agreement as final and binding on the Parties and Settlement Class Members.

**1.26**    "Voucher" means a unique barcode, alpha-numeric, digital, or other code-based voucher worth Twelve Dollars ($12.00) that (i) may be redeemed solely toward a taxi ride by Orange Cab, and (ii) is mailed to the attention of a Settlement Class Member by the Settlement

Administrator in accordance with the terms of this Agreement. Each Voucher will expire ninety (90) calendar days after its Voucher Issuance Date and will be transferrable, except only one Voucher may be redeemed by any one person. The Voucher may not be combined with any other Voucher or offer.

**1.27**   "Voucher Issuance Date" means, for a given Voucher, the date on which the Settlement Administrator deposits such Voucher into the United States mail to the attention of a Settlement Class Member in accordance with the terms of this Agreement.

**1.28**   The plural of any defined term includes the singular and the singular of any defined term includes the plural, as the case may be.

## II.   GENERAL TERMS OF SETTLEMENT

**2.01   Payments to Settlement Class Members.** Defendants will pay, through the Settlement Administrator, the following Claim Payments on or before the dates they are due as detailed in this Agreement:

(a)   <u>First Voucher Payments</u>. The Settlement Administrator will send a Voucher to the attention of each Settlement Class Member to whom Class Notice is to be sent by postcard pursuant to Paragraph 3.03.01 below, which Voucher shall be sent together with such Class Notice (and without need to make a claim) in accordance with Paragraphs 3.03 and 4.06 below (collectively, the "First Voucher Payments"). Each such Voucher shall be subject to the terms set forth in such Voucher and the conditions described in Paragraph 1.26 above.

(b)   <u>Second Voucher Payments</u>. The Settlement Administrator will send a Voucher to the attention of each Eligible Claimant (other than a Settlement Class Member to whom Class Notice is to be sent by postcard pursuant to Paragraph 3.03.01 below), which Voucher shall be subject to, and sent in accordance with, Paragraph 2.02 and 4.06 below (collectively, the "Second Voucher Payments"). Each such Voucher shall be subject to the terms set forth in such Voucher and the conditions described in Paragraph 1.26 above.

(c)   <u>Cash Payments</u>. The Settlement Administrator will send a cash payment of Forty-Eight Dollars ($48.00) to the attention of each Eligible Claimant, which cash payment shall be subject to, and sent in accordance with, Paragraphs 2.02 and 4.06 below (collectively, the "Cash Payments").

**2.02   Funding of the Cash Relief.** The Cash Relief will be funded exclusively out of the Earn-Out Funds as follows:

(a)   The amount of Earn-Out Funds for a given Earn-Out Year to be allocated for Cash Relief will be equal to the lesser of the following:

(i)   one-third of the aggregate amount of the Cash Relief; or

(ii)   the total amount of Earn-Out Funds actually received by RideCharge for that Earn-Out Year;

provided, however, that (A) the amount of Earn-Out Funds for a given Earn-Out Year to be allocated for Cash Relief shall not be less than 60% of the Earn-Out Funds actually received by RideCharge for that Earn-Out Year until such time as all Cash Relief has been paid to the Settlement Administrator; and (B) the aggregate amount of Earn-Out Funds to be allocated for Cash Relief shall not exceed the aggregate amount of the Cash Relief.

(b)      If the Earn-Out Funds for any given Earn-Out Year are less than one-third of the aggregate amount of the Cash Relief, then the Cash Relief will be reduced proportionately so that the total amount of Earn-Out Funds to be allocated for Cash Relief does not exceed the Earn-Out Funds for such Earn-Out Year.

(c)      The Earn-Out Funds for a given Earn-Out Year to be allocated for Cash Relief pursuant to this Paragraph 2.02 will be sent to the Settlement Administrator within sixty (60) calendar days after the later of (i) the date such Earn-Out Funds are actually received by RideCharge, or (ii) the expiration of the appeal period after entry of a Settlement Order and Final Judgment granting final approval to the settlement without an appeal being filed.

(d)      The Settlement Administrator will send the portion of Cash Relief consisting of attorneys' fees and costs and the Representative Plaintiff's Service Award in three (3) equal installments, each made in accordance with Paragraph 4.02 below within fourteen (14) calendar days after the date it receives such funds from RideCharge after each Earn-Out Year.

(e)      The Settlement Administrator will send Cash Payments to each Eligible Claimant in a single payment, each made in accordance with Paragraph 4.06 below within fourteen (14) calendar days after the date that the Settlement Administrator receives sufficient funds to pay all Cash Relief.  Where applicable, the Settlement Administrator will send the Second Voucher Payments to the applicable Eligible Claimants along with their respective Cash Payments.

(f)      For the avoidance of doubt, the foregoing funding provisions in Paragraphs 2.02 (a) and (c) shall no longer apply if at any time the Settlement Administrator receives sufficient funds to pay all Cash Relief.

**2.03    Injunctive Relief.**  For a period of two (2) years after the expiration of the appeal period after entry of an order granting final approval to the settlement without an appeal being filed, Defendants agree to be enjoined not to send or assist with the sending of any text messages to any Settlement Class Member, customer of Orange Cab, or resident of the State of Washington without the express consent required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Washington State Commercial Electronic Mail Act, RCW 19.190 *et seq*.

**2.04    Settlement Administration.**  Settlement Administration shall occur under the Court's supervision.  The costs of Settlement Administration shall be paid by Defendants, including those costs to send Class Notice and Vouchers; send notices required under the Class Action Fairness Act; establish and maintain a settlement website; receive and determine validity of claims; and receive and distribute funds for payment of attorneys' fees and costs, Representative Plaintiff's Service Award, and Claim Payments in accordance with the terms of this Agreement.  The Settlement Administrator will send Class Notice and notices to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715, oversee claims processing,

and make the calculations, payments, and distributions required under this Agreement. Defendants will advance the necessary funds to cover the costs estimated by the Settlement Administrator for the sending of Class Notice and other administration costs from Preliminary Approval through Final Approval.

**2.05    Fee Application for, and Payment of, Attorneys' Fees and Costs, and Service Award.**  No later than fourteen (14) calendar days after the Settlement Administrator sends the Class Notice, Class Counsel will apply to the Court for an award of attorneys' fees and costs, and for the Service Award ("Fee Application").  Defendants agree not to oppose Plaintiff's request for: (i) a Service Award not to exceed Seven Thousand Five Hundred Dollars ($7,500.00); (ii) out-of-pocket litigation costs not to exceed One Hundred Thirty Thousand Dollars ($130,000.00) (subject to verification by Defendants); and (iii) attorneys' fees not to exceed Nine Hundred Ninety-One Thousand Three Hundred Ninety-Two Dollars ($991,392.00).  If Final Approval occurs, Defendants shall pay to Class Counsel the total amount of attorneys' fees and costs of Class Counsel approved by the Court, in full and complete compensation for attorneys' fees and costs, and the Service Award, all in the manner and at the time and subject to the conditions set forth in Paragraphs 2.02 and 4.02.

## III.    SETTLEMENT APPROVAL AND CLASS NOTICE

**3.01    Preliminary Approval.**  Within thirty (30) calendar days of the Execution Date of this Agreement, the Representative Plaintiff will move for an order in the form of Exhibit A ("Preliminary Approval Order"), which, among other things, provisionally certifies the Settlement Class for settlement purposes only; appoints Representative Plaintiff as the representative of the Settlement Class; appoints Class Counsel as counsel for the Settlement Class; grants the Court's Preliminary Approval of this Agreement; approves the forms of Class Notice, which will be substantially in the forms of Exhibits B, C, and D; and sets a Settlement Hearing date to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment.

**3.02    Limited Effect of Settlement Class.**  The certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement.  If this Agreement terminates or is nullified, the provisional class certification in Exhibit A shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Agreement.  Thereafter, Representative Plaintiff shall be free to pursue any claims available to him, and Defendants shall be free to assert any defenses available to them, including but not limited to, denying the suitability of this case for class treatment. Nothing in this Agreement shall be argued or deemed to estop any Party from the assertion of such claims and defenses.

**3.03    Class Notice.**  The Parties will request that the Preliminary Approval Order direct that, within thirty (30) calendar days of entry of the Preliminary Approval Order, the Settlement Administrator shall send Class Notice of the provisional class certification and proposed settlement to all Settlement Class Members by postcard, publication, and web posting, as set forth below.

**3.03.01  Postcard Notice.**  The Settlement Administrator will send Class Notice by a postcard deposited into the United States mail containing a Voucher and text substantially in the form of <u>Exhibit B</u> to Settlement Class Members whose names and addresses are among the 53,808 generated from the initial list of 69,164 phone numbers used to generate the Class Notice list and which did not have mailings returned as undeliverable during a previous mailing.  The Settlement Administrator shall re-mail one time any postcard notice returned by the United States Postal Service with updated address information.  Defendants shall not be obliged to direct the Settlement Administrator to take any further steps with respect to re-mailing returned postcard notices.  The postcard Class Notice will direct recipients to the website referred to in Paragraph 3.03.03 below.

**3.03.02  Publication Notice.**  The Settlement Administrator will arrange for the publication of a Class Notice, substantially in the form attached hereto as <u>Exhibit C</u>, which shall appear in the *Seattle Times* newspaper on two occasions, each during a weekday, as determined by the Defendants in their sole and absolute discretion.  The publication Class Notice will direct recipients to the website referred to in Paragraph 3.03.03 below.

**3.03.03  Web Posting.**  The Settlement Administrator will post a downloadable copy of a Class Notice and Claim Form, substantially in the form of <u>Exhibit D</u>, in .pdf format on a website it establishes.  The Internet address of the website shall be included prominently on the postcard and publication Class Notices described in Paragraphs 3.03.01 and 3.03.02 above.  The website shall be active and accessible beginning on the date on which the transmittal of Class Notice commences through the Final Approval.

**3.04    Submission of Exclusion Requests or Objections.**  Representative Plaintiff will request that the Preliminary Approval Order direct that Settlement Class Members be allowed sixty (60) calendar days from the date that Class Notice is sent to request exclusion from the Settlement Class or to submit objections to the proposed settlement.  The Class Notice described in Paragraph 3.03 above shall direct that exclusion requests, if any, be sent to the Settlement Administrator, which will provide periodic updates on exclusion requests to RideCharge's counsel, Davis Wright Tremaine ("DWT"); Orange Cab's counsel, Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois"); and Class Counsel.  Vouchers sent pursuant to Paragraph 2.01(a) above to Settlement Class Members who request exclusion will be invalidated.  The Class Notice described in Paragraph 3.03 above shall direct that objections, if any, be sent to Class Counsel, who shall file copies with the Court via ECF.  Any re-sending of Class Notice shall not extend the time for a Settlement Class Member to request exclusion or submit objections.

**3.05    Termination Based on Exclusion Requests.**  Defendants, in their sole and absolute discretion, may elect to terminate this Agreement if exclusion requests as provided for in the Preliminary Approval Order exceed a number to which Defendants and Representative Plaintiff have agreed.  Defendants may terminate under this Paragraph by providing written notice of termination to Class Counsel within thirty (30) calendar days of the end of the deadline to request exclusion set by the Court.

**3.06    Entry of Final Judgment.**  Representative Plaintiff will request that the Court (a) grant Final Approval and (b) enter judgment in accordance with this Agreement, in the form

of Exhibit E, approving the Agreement as fair, reasonable, and adequate, and binding on all Settlement Class Members who have not excluded themselves, ordering that the Claim Payments be paid to Eligible Claimants in accordance with the terms of this Agreement, ordering that attorneys' fees and costs, and the Service Award, be paid in the amounts approved by the Court in accordance with the terms of this Agreement, approving the form and manner of sending Class Notice as set forth in this Agreement, dismissing the Action with prejudice, and barring Settlement Class Members from bringing claims within the scope of the Released Claims.

       **3.07**    **Reporting.**  Within ninety (90) calendar days of completing the distribution of all payments pursuant to Section IV below, Defendants will provide the Court a report verifying their compliance with this Agreement to the date of the report.

### IV.    DISTRIBUTION OF PAYMENTS

       **4.01**    **Responsibility for Distributions.**  The Settlement Administrator will be responsible for making all distributions required under this Agreement from funds it receives from Defendants, which it will hold in trust and distribute only as specified in this Agreement. The Settlement Administrator will have authority to make the computations necessary to determine the Claim Payment for each Eligible Claimant, as well as the authority to make all decisions reasonably necessary for the orderly implementation and administration of this Agreement and the distribution of all payments prescribed in this Agreement. The Settlement Administrator shall have no liability for any computation or Settlement Administration decision made in good faith and not inconsistent with the express terms of this Agreement.

       **4.02**    **Distribution of Attorneys' Fees and Costs, and Service Award.**  Attorneys' fees and costs, and the Service Award, shall be distributed in the manner and time as set forth in Paragraph 2.02 above, in an amount approved by the Court by wire transfer to the attorney trust account of HKM Employment Attorneys LLP to be held in trust for distribution of the Service Award, attorney fee, and cost payments. Class Counsel shall provide to the Settlement Administrator, DWT, and Lewis Brisbois written instructions for wiring funds to the attorney trust account of HKM Employment Attorneys LLP, along with any other information the Settlement Administrator requires for it to timely accomplish the distribution of attorneys' fees, costs, and Service Award, at such time as the Settlement Administrator reasonably requires. Defendants and the Settlement Administrator shall have no responsibility or liability for any failure of HKM Employment Attorneys LLP to deliver any share of fees or costs, or the Service Award, to the Sound Justice Law Group, Albert Kirby, or any counsel not included in the definition of Class Counsel, but claiming some right to fees, costs, or other compensation as a result of resolution of the Action, or any payment to the Representative Plaintiff. Defendants' obligations with respect to any fees, costs, expenses, or payments to any of Class Counsel (or to any counsel not included in the definition of Class Counsel but claiming some right to fees as a result of resolution of the Action) or to the Representative Plaintiff shall be fully and forever discharged upon their payment pursuant to the wire transfer instructions above to the attorney trust account of HKM Employment Attorneys LLP pursuant to this Paragraph. Other than Defendants' obligation to cause payment of the attorneys' fees and costs, and the Service Award, in an amount approved by the Court, Defendants shall have no further obligations to Class

Counsel, or to any other counsel not included in the definition of Class Counsel but claiming some right to attorneys' fees, costs, or other compensation, or to the Representative Plaintiff.

**4.03    Submission of Claims and Eligibility for Distribution.**  Aside from the First Voucher Payments detailed in Paragraph 2.01(a) above, to be eligible for any other Claim Payment pursuant to this Agreement, Settlement Class Members must submit a valid Claim Form to the Settlement Administrator as set forth in this Agreement.  A Claim Form must satisfy each of the following conditions to be considered valid:

(a)    Provide all the information requested on the Claim Form and a signature of the applicable Settlement Class Member under penalty of perjury certifying to the best of his or her knowledge and belief that (i) the Settlement Class Member did not provide consent to receive text messages from Orange Cab or RideCharge and (ii) all of the information on the Claim Form is correct;

(b)    Be postmarked by the United States Postal Service if submitted to the Settlement Administrator by mail, or else submitted at the settlement website, no later than the date specified in the Class Notice, which date shall be sixty (60) calendar days after the deadline for the Settlement Administrator to send Class Notice as set forth in Paragraph 3.03 above.

(c)    Contain a statement attesting to (i) having received at least one Orange Cab dispatch notification text message on their cellular telephone and (ii) being the authorized user of the cell phone number at which such text message was received;

(d)    Provide the Settlement Class Member's cellular telephone number at which such text message was received; and

(e)    The cellular telephone number provided must appear on the initial list of 69,164 phone numbers used to generate the Class Notice list.

**4.04    Determination of Claims.**  The Settlement Administrator shall reject any Claim Form that is not valid, as described in Paragraph 4.03 above.  If a Settlement Class Member's Claim Form is properly completed (including an affirmation under penalty of perjury that the Settlement Class Member satisfies the preconditions to payment), signed, and submitted within the specified time, and Defendants do not direct the Settlement Administrator to deny the claim based on alleged falsity (or Defendants' direction is reversed, as set forth below), that Settlement Class Member will be deemed an "Eligible Claimant" entitled to the Claim Payment.

**4.05    Notification to Counsel.**  No later than thirty (30) calendar days after Final Approval, the Settlement Administrator shall provide DWT, Lewis Brisbois, and Class Counsel with (i) the names and addresses of Eligible Claimants whose claims have been approved, and the Claim Payment payable to each Eligible Claimant, and (ii) the names and addresses of claimants deemed not eligible and a brief statement of the reason(s) why the claim has been disallowed.  The Settlement Administrator may provide this information in such form or media as Defendants and Class Counsel reasonably agree, subject to approval by the Settlement Administrator.  Defendants shall have the right (but not the obligation) to verify the truthfulness of the representations on any Claim Form and the right (but not the obligation) to reject any

DWT 30367403v14 0095872-000001

Claim Form on which a material misrepresentation appears.  Plaintiff shall have the right (but not the obligation) to challenge any rejection by Defendants.  The Parties will meet and confer about any such objections and agree to submit any unresolved disputes to the Court for resolution.

**4.06    Manner of Distribution.**  The Settlement Administrator shall deliver the First Voucher Payments along with postcard Class Notice to each Settlement Class Member to whom Class Notice is to be sent by postcard pursuant to Paragraph 3.03.01 above.  Defendants shall deliver to the Settlement Administrator the amounts necessary to fund the Cash Payments in the manner and timing as described in Paragraph 2.02 above.  The Settlement Administrator shall make the Cash Payments to Eligible Claimants by check and send all Cash Payments (and, where applicable, the Second Voucher Payments) to Eligible Claimants by depositing the same into the United States mail to the attention of the applicable Eligible Claimants, subject to the terms of Paragraph 2.02(e) above.  Checks issued to make Cash Payments shall remain valid for one hundred eighty (180) calendar days after issuance and shall recite that limitation on the face of the check.  The value of any Cash Payments remaining uncashed one hundred eighty (180) calendar days after issuance, or Vouchers remaining unredeemed ninety (90) calendar days after their respective Voucher Issuance Date, will remain the property of Defendants.

**4.07    Notification to Eligible Claimants.**  With each of the Cash Payments and Second Voucher Payments described in Paragraph 4.06 above, the Settlement Administrator will include a notice to the applicable Eligible Claimant stating that the enclosed check (and, where applicable, the enclosed Voucher) represents the Eligible Claimant's full and final payment under this Agreement and that the determination of the payment amount is final and not subject to challenge by the claimant.

**4.08    Notification to Claimants Deemed Not Eligible.**  At or before the time of making the Cash Payments to Eligible Claimants, the Settlement Administrator will notify claimants deemed not eligible that their claim has been disallowed, together with a brief statement of the reason(s) why the Settlement Administrator disallowed their claim and that the determination of disallowance is final and not subject to challenge by the claimant.

**4.09    Refund.**  RideCharge will be entitled to a refund of any amounts advanced to the Settlement Administrator pursuant to Paragraph 2.04 that have not been spent or incurred toward the costs of Settlement Administration or sending Class Notice (i) upon the conclusion of the Settlement Administrator's duties under this Agreement, or (ii) to the extent the Settlement Order and Final Judgment is not entered or Final Approval does not occur.  RideCharge will also be entitled to a refund of any of the Earn Out funds paid in trust to the Settlement Administrator pursuant to Paragraph 2.02(c) remaining after all Cash Relief is paid, including but not limited to the value of any Cash Payments remaining uncashed one hundred eighty (180) calendar days after issuance.  Any refunds under this Paragraph shall be delivered to RideCharge's bank account via wire as RideCharge instructs the Settlement Administrator in writing.

## V.    RELEASES

**5.01    Sole and Exclusive Remedy.**  This settlement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties.  Each Settlement Class

Member (including anyone claiming by or through him or her) shall be barred from initiating, asserting, or prosecuting the Released Claims.

**5.02    Class Release to Defendants and the Released Parties.**  Effective upon Final Approval, the Representative Plaintiff, for himself and as the representative of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out pursuant to Paragraph 3.04 above, and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through the Representative Plaintiff or the Settlement Class Members in any manner, shall have fully, finally, and forever irrevocably released, relinquished, and forever discharged with prejudice all Released Claims against the Released Parties.

**5.03    Individual Releases by Representative Plaintiff.**  Effective upon Final Approval, the Representative Plaintiff, for himself and on behalf of his respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, shall have fully, finally and forever irrevocably released, relinquished and forever discharged with prejudice all Released Claims against the Released Parties.

**5.04    Effect of Releases.**  With respect to any and all Released Claims, the Parties stipulate and agree that upon Final Approval, the Representative Plaintiff and Defendants, for themselves and on behalf of their respective agents, successors, heirs, assigns, and any other person who can claim by or through each or any of them, shall expressly waive, and each Settlement Class Member and each Settlement Class Member's respective agents, successors, heirs, assigns, and any other person who can claim by or through each or any of them, in any manner, shall be deemed to have waived, and by operation of the judgment of the Court shall have expressly waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may be applicable.  The Parties agree and acknowledge that this waiver is an essential term of this Agreement.  California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## VI.    CONFIRMATORY INFORMATION

**6.01    Confirmatory Discovery.**  Defendants agree to provide sufficient confirmatory discovery to substantiate the financial condition of RideCharge, as well as the structure of the earn-out under the Asset Purchase Agreement, as necessary for Plaintiff to represent to the Court the veracity of such information and justify through preliminary approval the structure and necessity of this settlement.

**6.02    Confidentiality**.  Any information or documents provided pursuant to this Section VI shall be treated as confidential and may not be disseminated to, shared with, or shown to any person other than Class Counsel and Defendants (and their respective experts, if any).  Class Counsel shall not file any documents or disclose any such information in connection with the approval process contemplated by this Agreement absent (i) prior agreement by the

Defendant providing the information or (ii) entry of an appropriate Protective Order ensuring that any such information or documents provided to the Court shall be filed under seal or otherwise protected against disclosure.

## VII.   MISCELLANEOUS PROVISIONS

**7.01    Settlement Purpose of Agreement.**  This Agreement is governed by the terms of Federal Rule of Evidence 408 and is for settlement purposes only, and neither the fact of, nor any provision contained in this Agreement or its attachments, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim, defense or any fact alleged by any of the Parties in the Action or in any other pending or subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or admission by any Party of any claim, defense or allegation made in the Action or any other action, nor as an admission by any of Defendants, Representative Plaintiff, or Settlement Class Members of the validity of any fact or defense asserted against them in the Action or any other action.  If the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Final Judgment in the form of Exhibit E, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and Final Judgment is reversed or rendered void, then (a) this Agreement shall be considered null and void, (b) neither this Agreement nor any of the related negotiations shall be of any force or effect, and (c) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.  Invalidation of any portion of this Agreement shall invalidate this Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.  This includes that the provisional certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement.  If this Agreement terminates or is nullified, the provisional class certification in Exhibit A shall be vacated by its terms, and the Action shall revert to the status that existed before the execution of this Agreement.  Upon nullification of this Agreement, Representative Plaintiff shall be free to pursue any claims available to him, and Defendants shall be free to assert any defenses available to them, including, but not limited to, denying the suitability of this case for class treatment or seeking to require individual arbitration of the claims asserted in the Action.  Nothing in this Agreement shall be argued or deemed to estop any Party from the assertion of such claims or defenses.  In the event the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Final Judgment in the form of Exhibit E, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and Final Judgment is reversed or rendered void, the Parties will negotiate in good faith to address the issues raised by said events, including seeking mediation with the Honorable Edward A. Infante (ret.).

**7.02    Cooperation.**  The Parties and their counsel will cooperate fully in the process of seeking settlement approval.  Class Counsel warrant and agree they will take all steps necessary to obtain and implement Final Approval of this Agreement, to defend the Settlement Order and Final Judgment through all stages of any appeals that may be taken (regardless of who prosecutes the appeal), to give Released Parties full and final peace from further prosecution of

the Released Claims, and to give the Settlement Class Members the benefits they enjoy under this Agreement.

**7.03     Governing Law.**  This Agreement is intended to and shall be governed by the laws of the State of Washington, without regard to its rules regarding conflict of laws.

**7.04     Entire Agreement.**  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Representative Plaintiff, on the one hand, and the Defendants, on the other hand, relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, whether oral or in writing, express or implied, and may not be contradicted by evidence of any prior or contemporaneous agreement, subject only to (a) the agreement regarding the number of exclusion requests that permits Defendants to terminate this Agreement at its sole discretion pursuant to Paragraph 3.05 above, and (b) Agreement Regarding Confidentiality of Information Provided for Settlement Purposes dated as of May 31, 2016.  Any modification of the Agreement that may adversely affect Settlement Class Members' substantive rights must be in writing and signed by Representative Plaintiff and Defendants; any other modification of the Agreement must be in writing and signed by Class Counsel, DWT, and Lewis Brisbois.

**7.05     Construction of Agreement.**  The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for all Parties.  The Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against any Party.

**7.06     Public Statements.**  No party will make public statements about the settlement (including specifically the amount of the settlement), except to the extent contained in materials available to the public in the court's files.  The Parties and their counsel agree to refrain from disparaging one another regarding their conduct in or relating to the practices at issue in the Action and/or this Agreement.  Nothing in this Paragraph will prohibit anyone from discussing documents that are in the public record in this case with actual or putative Settlement Class Members, objectors, their counsel, and/or their lawful representatives.

**7.07     Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors, and assigns.

**7.08     Waiver.**  The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

**7.09     Effectiveness of Agreement; Counterparts.**  This Agreement shall become effective upon the last date of its execution by all of the persons for whom signature spaces have been provided below.  The Parties and their counsel may execute this Agreement in counterparts (any one or all of which may be facsimile or PDF/electronic copies), and execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

**7.10     Use and Retention of Information.**  The list of Eligible Claimants' names, addresses and phone numbers referred to in Paragraph 4.05 of this Agreement, any Claim Forms

submitted under Paragraph 4.03 above, and any other documentation containing the names, addresses, or phone numbers of Defendants' customers, may be used by Class Counsel only for purposes of implementing this Agreement. All such information shall be returned to DWT and/or Lewis Brisbois within thirty (30) calendar days after the Cash Relief has been provided.

**7.11    Continuing Jurisdiction.** The Court shall retain exclusive and continuing jurisdiction over this Agreement and over all Parties and Settlement Class Members to interpret, effectuate, enforce, and implement this Agreement. The Court shall have exclusive jurisdiction to resolve any disputes involving this Agreement, subject to the dispute resolution mechanism set forth in Paragraph 4.05.

**7.12    Authority.** Each individual signing this Agreement represents and warrants that he or she has the authority to sign on behalf of the person or entity for which that individual signs.

**7.13    Assignment; Third Party Beneficiaries.** None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any member of the Settlement Class without the express written consent of the other Parties. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and shall not be construed to confer any right or to afford any remedy to any other person.

**7.14    Communications.** Any communications to the Parties relating to this Agreement shall be sent to all counsel signing this Agreement on behalf of the Parties.

**7.15    Calculation of Time.** All time listed in this Agreement is in calendar days. Time is calculated by (a) excluding the day of the event that triggers the period; (b) counting every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) including the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

TORREY GRAGG

Dated:    January 11, 2017          By _____

Torrey Gragg
*Individually and as Representative Plaintiff for the*
*Proposed Settlement Class*

Page 15 of 17

RIDECHARGE, INC.

Dated: _____1|12|17_____, 2016

By: _~Frank J. Pelzer~_____

(printed name): FRANK J. PELZER

Its: DIRECTOR

ORANGE CAB COMPANY, INC.

Dated:_____, 2016

By: _____

(printed name): _____

Its: _____

HKM Employment Attorneys LLP
*Attorneys for Representative Plaintiff and Proposed
Settlement Class*

Dated:_____, 2016

By: _____
Donald W. Heyrich, WSBA #23091
HKM Employment Attorneys LLP
600 Stewart Street
Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Email:    dheyrich@hkm.com

SOUND JUSTICE LAW GROUP PLLC
*Attorneys for Representative Plaintiff and Proposed
Settlement Class*

Dated:_____, 2016

By: _____
Albert H. Kirby, WSBA #40187
SOUND JUSTICE LAW GROUP PLLC
936 N. 34th Street
Suite 300
Seattle, WA 98103

Page 16 of 17

RIDECHARGE, INC.

Dated:_____, 2016

By: _____

(printed name): _____

Its: _____


ORANGE CAB COMPANY, INC.

Dated: January 17, 2017

By: _____

(printed name): Tadesse Woldearegaye

Its: Acting General Manager.


HKM Employment Attorneys LLP
*Attorneys for Representative Plaintiff and Proposed
Settlement Class*

Dated:_____, 2016

By: _____
Donald W. Heyrich, WSBA #23091
HKM Employment Attorneys LLP
600 Stewart Street
Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Email:   dheyrich@hkm.com


SOUND JUSTICE LAW GROUP PLLC
*Attorneys for Representative Plaintiff and Proposed
Settlement Class*

Dated:_____, 2016

By: _____
Albert H. Kirby, WSBA #40187
SOUND JUSTICE LAW GROUP PLLC
936 N. 34th Street
Suite 300
Seattle, WA 98103

Page 16 of 17

RIDECHARGE, INC.

Dated:_____, 2017    By: _____

(printed name): _____

Its: _____

ORANGE CAB COMPANY, INC.

Dated:_____, 2017    By: _____

(printed name): _____

Its: _____

APPROVED AS TO FORM:

HKM Employment Attorneys LLP
*Attorneys for Representative Plaintiff and Proposed*
*Settlement Class*

Dated: _January 17_, 2017    By: _____
Donald W. Heyrich, WSBA #23091
HKM Employment Attorneys LLP
600 Stewart Street
Suite 901
Seattle, WA 98101
Telephone: (206) 838-2504
Email:    dheyrich@hkm.com

SOUND JUSTICE LAW GROUP PLLC
*Counsel for Representative Plaintiff and Proposed*
*Settlement Class*

Dated: _January 16_, 2017    By: _____
Albert H. Kirby, WSBA #40187
SOUND JUSTICE LAW GROUP PLLC
936 N. 34th Street
Suite 300
Seattle, WA 98103

Page 16 of 17

Telephone:  (206) 389-3210
Email: ahkirby@soundjustice.com
DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant RideCharge, Inc.*

Dated: __1/17/2017__ ~~2016~~

By: _____
Kenneth E. Payson, WSBA #26369
Jaime Drozd Allen, WSBA #35742
James Harlan Corning, WSBA #45177
Jordan A. Clark, WSBA #49659
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 757-8126
Fax: (206) 757-7126
E-mail:     kenpayson@dwt.com
              jaimeallen@dwt.com
              jamescorning@dwt.com
              jordanclark@dwt.com


LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendant Orange Cab, Inc.*

Dated: _____, 2016

By:_____
Benjamin A. Stone, WSBA #33436
John T. Bender, WSBA #49658
1111 Third Avenue, Suite 2700
Seattle, Washington  98101-3224
Telephone: (206) 436-2020
E-mail:     Benjamin.Stone@lewisbrisbois.com
              John.Bender@lewisbrisois.com

DWT 30367403v14 0095872-000001

Telephone:  (206) 389-3210
Email: ahkirby@soundjustice.com
DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant RideCharge, Inc.*

Dated:_____, 2016

By:_____
Kenneth E. Payson, WSBA #26369
Jaime Drozd Allen, WSBA #35742
James Harlan Corning, WSBA #45177
Jordan A. Clark, WSBA #49659
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 757-8126
Fax: (206) 757-7126
E-mail:     kenpayson@dwt.com
            jaimeallen@dwt.com
            jamescorning@dwt.com
            jordanclark@dwt.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendant Orange Cab, Inc.*

Dated: January 17, 2017

By:_____
Benjamin A. Stone, WSBA #33436
John T. Bender, WSBA #49658
1111 Third Avenue, Suite 2700
Seattle, Washington  98101-3224
Telephone: (206) 436-2020
E-mail:     Benjamin.Stone@lewisbrisbois.com
            John.Bender@lewisbrisbois.com

Page 17 of 17

# EXHIBIT A

The Honorable Robert S. Lasnik

1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9
TORREY GRAGG, on his own behalf and on )
behalf of similarly situated persons,          )          No. C12-0576RSL
10                                                            )
                                                              )
                Plaintiff,                        )          **[PROPOSED] ORDER**
11                                                            )          **GRANTING PRELIMINARY**
        v.                                          )          **APPROVAL OF CLASS**
12                                                            )          **ACTION SETTLEMENT**
ORANGE CAB COMPANY, INC., a            )
13  Washington corporation; and RIDECHARGE, )
INC., a Delaware corporation d/b/a TAXI  )
14  MAGIC,                                         )
                                                              )
15                Defendants.                   )
                                                              )
16  _____ )

17          Plaintiff has filed a Motion for an Order Preliminarily Approving Class Action

18  Settlement ("Motion").  Having reviewed the Motion and supporting materials, the Court

19  determines and orders as follows:

20          A.      Counsel have advised the Court that the Parties have agreed, subject to final

21  approval by this Court following notice to the proposed Settlement Class and a hearing, to settle

22  this Action on the terms and conditions set forth in the Settlement Agreement and Release of

23  Claims (the "Agreement").

24          B.      The Court has reviewed the Agreement, as well as the files, records, and

25  proceedings to date in this matter.  The terms of the Agreement are hereby incorporated as

26  though fully set forth in this Order.  Capitalized terms shall have the meanings attributed to them

27  in the Agreement.

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 1
Block DocID

C.      Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter a Settlement Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1.      ***Preliminary Approval of Proposed Settlement***.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.  The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Settlement Hearing described below.

2.      ***Class Certification for Settlement Purposes Only***.

(a)      Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes only, conditionally certifies the following Settlement Class:

> All persons or entities who received at least one Orange Cab dispatch notification text message on their cellular telephone from RideCharge.

(b)      In connection with the certification, the Court makes the following preliminary findings:

(1)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) because the Settlement Class appears to be so numerous that joinder of all members is impracticable;

(2)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Settlement Class;

(3)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Representative Plaintiff named in the caption appear to be typical of the claims being resolved through the proposed settlement;

(4)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiff appears to be capable of fairly and adequately protecting the interests of

1  the above-described Settlement Class in connection with the proposed settlement and because

2  counsel representing the Settlement Class are qualified, competent, and capable of prosecuting

3  this action on behalf of the Settlement Class.

4            (5)     The Settlement Class satisfies the requirements of Fed. R. Civ. P.

5  23(b)(3) because, for purposes of settlement approval and administration, common questions of

6  law and fact appear to predominate over questions affecting only individual Settlement Class

7  Members and because settlement with the above-described Settlement Class appears to be

8  superior to other available methods for the fair and efficient resolution of the claims of the

9  Settlement Class.  The Settlement Class appears to be sufficiently cohesive to warrant settlement

10 by representation.

11           (c)     In making the foregoing findings, the Court has exercised its discretion in

12 conditionally certifying a Settlement Class.

13     3.     *Representative Plaintiff*.  For settlement purposes only, the Court hereby appoints

14 Plaintiff Torrey Gragg as Representative Plaintiff pursuant to Rule 23 of the Federal Rules of

15 Civil Procedure, and finds that, for settlement purposes only, Mr. Gragg has and will fairly and

16 adequately protect the interests of the Settlement Class.

17     4.     *Class Counsel*.  For settlement purposes only, the Court appoints Donald W.

18 Heyrich of HKM Employment Attorneys LLP and Albert H. Kirby of Sound Justice Law Group

19 PLLC as counsel for the Settlement Class ("Class Counsel").  For purposes of these settlement

20 approval proceedings, the Court finds that Class Counsel are competent and capable of

21 exercising their responsibilities as Class Counsel.

22     5.     *Settlement Administrator*.  The Court appoints JND Legal Administration as the

23 Settlement Administrator, which shall fulfill the Settlement Administration functions, duties, and

24 responsibilities of the Settlement Administrator as set forth in the Agreement and this Order.

25     6.     *Settlement Hearing*.  A final approval hearing (the "Settlement Hearing") shall be

26 held before this Court on _____, at _____, as set forth in the Class Notice (described in

27 Paragraph 7 below), to determine whether the Agreement is fair, reasonable, and adequate and

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 3

Block DocID

should be given final approval.  Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees and costs, and for a Service Award to the Representative Plaintiff (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 14, below.  The Court may postpone, adjourn, or continue the Settlement Hearing without further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

7.     *Class Notice*.  The Court approves the form and content of the notices substantially in the forms attached as Exhibits B, C, and D to the Agreement.  Defendants shall comply with the notice requirements of Paragraph 3.03 of the Agreement.  In compliance with that Paragraph, beginning no later than thirty (30) days after entry of this Order, Defendants shall cause notice to be delivered in the manner set forth in the Agreement to all Settlement Class Members who can be identified with reasonable effort.  Class Notices sent by postcard via U.S. Mail shall be substantially in the form attached as Exhibit B to the Agreement, Class Notice by publication shall be substantially in the form attached as Exhibit C to the Agreement, and a Class Notice substantially in the form attached as Exhibit D to the Agreement shall be posted at a website, the Internet address for which shall be disclosed in the Class Notices transmitted by U.S. Mail and by publication.

8.     *Filing of CAFA Notice.*  Before the Settlement Hearing, Defendants shall file with the Court information regarding their compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9.     *Findings Concerning Class Notice*.  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Paragraph 3.03 of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from

1   the Settlement Class.  The Court finds that the notice plan is reasonable, that it constitutes due,

2   adequate and sufficient notice to all persons entitled to receive notice, and that it meets the

3   requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other

4   applicable laws.

5       10.    ***Exclusion from Settlement Class***.  Each Settlement Class Member who wishes to

6   exclude himself or herself from the Settlement Class and follows the procedures set forth in this

7   Paragraph shall be excluded.  Any potential member of the Settlement Class may mail a written

8   request for exclusion, in the form specified in the Class Notice, to the Settlement Administrator

9   at the address set forth in the Class Notice.  All such written requests must be postmarked by

10  sixty (60) days after Class Notice is sent.  All persons who properly request exclusion from the

11  Settlement Class shall not be Settlement Class Members and shall have no rights with respect to,

12  nor be bound by, the Agreement, should it be finally approved.  The names of all such excluded

13  individuals shall be attached as an exhibit to any Final Judgment.

14      11.    ***Right to Abrogate Agreement.***  In the event more than a previously-agreed

15  number of Settlement Class Members to whom Defendants transmit notice timely exclude

16  themselves from the Settlement Class, Defendants shall have the unilateral right to abrogate the

17  Agreement by written notice of abrogation to Class Counsel in accordance with the procedures

18  set forth in the Agreement.  If Defendants exercise their right to abrogate the Agreement, then all

19  aspects of the Agreement and the settlement underlying it, including but not limited to the

20  provisional certification of the Settlement Class for settlement purposes only, shall be altogether

21  null and void, and no aspect of the Agreement, the settlement, or this Order shall serve as legal

22  precedent or as any basis for legal or factual argument in this or any other case.

23      12.    ***Claims Procedures***.  The Court approves the claims procedures set forth in the

24  Agreement.  The Court approves the form and content of the Claim Form substantially in the

25  form attached as the last page of Exhibit D to the Agreement.  A valid Claim Form, as defined in

26  Paragraph 4.03 of the Agreement, must be submitted as required in the Class Notice over the

27  Internet or postmarked no later than sixty (60) days after Class Notice is sent.  Such deadline

may be further extended by Court Order.  Each Claim Form shall be deemed to have been submitted when submitted over the Internet or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no more than one hundred and fifty (150) days after the date on which Defendants commence transmittal of Class Notice.  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

13.     ***Costs of Class Notice and Claims Processing.***  Defendants shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Action and of processing claims, which shall be paid from the Settlement Fund.

14.     ***Objections and Appearances.***

(a)     ***Written Objections.***  Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement, or the Fee and Expense Application.  Any Settlement Class Member who wishes to object to the Settlement, must submit his or her objection in writing to Class Counsel, Attn:  Donald W. Heyrich of HKM Employment Attorneys LLP, 600 Stewart Street, Suite 901, Seattle, Washington 98101, postmarked no later than sixty (60) days after the date that Class Notice is sent.  Class Counsel will file copies with the Court via ECF.  Objecting Settlement Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they (i) believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class or (ii) object to the Fee and Expense Application.  Any objection not timely made in this manner shall be waived and forever barred.

(b)     ***Appearance at Settlement Hearing.***  Any objecting Settlement Class Member who wishes to address the Court at the Settlement Hearing must indicate his or her intent to do so in writing to Class Counsel at the same time that the Settlement Class Member submits the objection and must identify any witnesses and documents that he or she intends to use or submit at the Settlement Hearing.  Class Counsel will inform the Court and Defendants'

counsel accordingly.  Any Settlement Class Member who does not timely deliver a written objection and notice of intention to appear by sixty (60) days after the date that Class Notice is sent, in accordance with the requirements of this Order, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c)     ***Fees and Cost Application***.  Class Counsel shall file their Fee and Cost Application, together with all supporting documentation, by no later than fourteen (14) days after Class Notice is sent, sufficiently in advance of the expiration of the objection period that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d)     ***Motion for Final Approval and Responses to Objections***.  Representative Plaintiff shall file with the Court his motion for final approval of the Settlement and any responses to objections to the Agreement or the Fee and Cost Application, together with all supporting documentation, within twenty-one (21) days after the deadline for serving objections.

15.     ***Dates of Performance***.  In summary, the dates of performance are as follows:

(a)     Defendants shall send the Class Notice to potential Settlement Class Members on or before [insert date], i.e., within thirty (30) days after entry of this Order;

(b)     Representative Class Counsel's Fee and Expense Application, and all supporting materials, shall be filed no later than [insert date], i.e., within fourteen (14) days after Class Notice is sent;

(c)     Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by [insert date], i.e., within sixty (60) days after Class Notice is sent;

(d)     All objections to the Agreement or the Fee and Cost Application shall be filed and served by [insert date], i.e., within sixty (60) after Class Notice is sent;

(e)     Representative Plaintiff's final approval motion, responses to objections, and all supporting materials, shall be filed by [insert date], i.e., within twenty-one (21) days after expiration of the deadline for objections;

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 7
Block DocID

1  (f)     The Settlement Hearing shall be held on [insert date and time]; and

2  (g)     Settlement Class Members who desire to submit Claim Forms shall do so

3  by [insert date], i.e., at least one hundred twenty-five (125) days after commencement of Class

4  Notice.

5  16.     **_Effect of Failure to Approve the Agreement_**.  In the event the Court does not

6  finally approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment as

7  contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any

8  reason, then the following shall apply:

9  (a)     All orders and findings entered in connection with the Agreement shall

10  become null and void and have no further force and effect, shall not be used or referred to for

11  any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

12  (b)     The conditional certification of the Settlement Class pursuant to this Order

13  shall be vacated automatically, and the case shall return to its status as it existed before entry of

14  this Order;

15  (c)     Nothing contained in this Order is, or may be construed as, any admission

16  or concession by or against Defendants or Representative Plaintiff on any point of fact or law,

17  including, but not limited to, factual or legal matters relating to any effort to certify this case as a

18  class action for purposes of considering settlement approval; and

19  (d)     Nothing in this Order or pertaining to the Agreement shall be used as

20  evidence in any further proceeding in this case, including, but not limited to, motions or

21  proceedings pertaining to treatment of this case as a class action.

22  17.     **_Discretion of Counsel._**  Counsel are hereby authorized to take all reasonable steps

23  in connection with approval and administration of the Settlement not materially inconsistent with

24  this Order or the Agreement, including, without further approval of the Court, making minor

25  changes to the content of the Class Notice that they jointly deem reasonable or necessary.

26

27

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 8
Block DocID

18.     ***Stay of Proceedings Pending Approval of the Settlement.***  All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

19.     ***Injunction Against Asserting Released Claims Pending Settlement Approval.*** Pending final determination of whether the settlement should be approved, Representative Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

20.     ***Reservation of Rights and Retention of Jurisdiction.***  The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 9
Block DocID

*Presented by:*

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant RideCharge, Inc.


By: _____
        Kenneth E. Payson, WSBA #26369
        Jaime Drozd Allen, WSBA # 35742
        James Harlan Corning, WSBA #45177
        Jordan A. Clark, WSBA #49659
        1201 Third Avenue, Suite 2200
        Seattle, WA 98101-3045
        Tel:  (206) 622-3150
        kenpayson@dwt.com
        jaimeallen@dwt.com
        jamescorning@dwt.com
        jordanclark@dwt.com


LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant Orange Cab, Inc.


By _____
        Benjamin A. Stone, WSBA #33436
        John T. Bender, WSBA #49658
        1111 3rd Ave Ste 2700
        Seattle, WA  98101-3224
        Tel:  (206) 436-2020
        Benjamin.Stone@lewisbrisbois.com
        John.Bender@lewsbrisbois.com

HKM EMPLOYMENT ATTORNEYS LLP
Attorneys for Plaintiff

By: _____
        Donald W. Heyrich, WSBA #23091
        600 Stewart Street, Suite 901
        Seattle, Washington  98101
        Tel: (206) 838-2504
        dheyrich@hkm.com


        Albert H. Kirby, WSBA #40187
        SOUND JUSTICE LAW GROUP PLLC
        936 N. 34th St., Ste. 300
        Seattle, WA 98103
        Tel: (206) 389-3210
        ahkirby@soundjustice.com

# EXHIBIT B

LEGAL NOTICE

**If you received an Orange Cab dispatch notification text message on your cell phone you may be entitled to benefits under a class action settlement.**

*This notice may affect your legal rights. Please read it carefully*

This is an official court notice from the United States District Court for the Western District of Washington, *Gragg v. Orange Cab Co., Inc. and RideCharge, Inc.*, No. C12-0576RSL.

**www.taxitextsettlement.com**

XXX

*Taxi Text Settlement*
Settlement Administrator
P.O. Box _____
CITY, ST ZIP

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

First-Class
Mail
US Postage
Paid
Permit #___

proposed settlement has been reached with Orange Cab Co., Inc. and RideCharge, Inc. ("Defendants") in a class action lawsuit that claims, among other things, that RideCharge sent an Orange Cab dispatch notification text message without prior express consent to cellular telephones in violation of state and federal law. Defendants deny any wrongdoing and believe the dispatch notification text messaging complied with applicable law. Defendants have agreed to provide taxi ride Vouchers and cash payments to eligible Settlement Class Members, and other relief, to resolve the claims in this lawsuit.

Defendants' records show you may be included in the Settlement Class which includes all persons or entities who received at least one Orange Cab dispatch notification text message on their cellular telephone from RideCharge.

**How do I claim a payment, and how do I get a Voucher if a Voucher was not sent to me?** Go to www.taxitextsettlement.com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms must be submitted or postmarked by **Month 00, 2017.**

Settlement Class Members whose names and addresses were identified have been sent a $12 Voucher on the reverse side of this notice. Settlement Class Members who submit a valid Claim Form will also be eligible to receive a cash payment of $48, as well a $12 Voucher if they were not sent one earlier.

**What are my other options?** If you do not want to be legally bound by this settlement, you must exclude yourself by **Month 00, 2017.** Unless you exclude yourself, you will not be able to sue any of the Defendants or other Released Parties for any of the Released Claims. If you do not exclude yourself, you may object and notify the Court that you or your lawyer intends to appear at the Court's hearing. Objections must be postmarked by **Month 00, 2017.** For more information, including a more detailed Class Notice, Claim Form, and Settlement Agreement go to www.taxitextsettlement.com.

**Settlement Hearing:** The Court will hold a hearing on **[MONTH & DAY], 201__,** at **XX:XX,** to consider whether to approve: (1) the settlement; (2) Class Counsel's request for $991,392 in attorneys' fees and $130,000 in out-of-pocket litigation costs; and (3) a $3,500 Service Award to the Representative Plaintiff (Torrey Gragg). If approved, these fees, costs, and Service Award, as well as the costs of Class Notice and Settlement Administration will be paid by Defendants. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

# ORANGE CAB $12 TAXI VOUCHER

(To be completed by the taxi driver.)

Taxi Driver Name: _____

Rider Name: _____

Rider Phone Number: _____

Date of Presentment: _____

Total Fare Amount: _____

Cab #: _____   Orange ID: _____   Trip #: _____   Act # 3035

Voucher Control No. XXXXXXXXXX

Call (206) 522-8800 to schedule a ride with this Voucher

Valid Until [DATE]

Only one Voucher may be redeemed by any one person. Valid for a single taxi ride with customer responsible for amount of said taxi ride exceeding $12.00. May not be combined with any other Voucher or offer.

*Taxi Text Settlement*
Settlement Administrator
P.O. Box
CITY, ST ZIP

First-Class
Mail
US Postage
Paid
Permit #__

# EXHIBIT C

**LEGAL NOTICE**

# If you received an Orange Cab dispatch notification text message you could be entitled to benefits under a class action settlement.

A proposed settlement has been reached with Orange Cab Co., Inc. and RideCharge, Inc. ("Defendants") in a class action lawsuit that claims, among other things, that RideCharge sent an Orange Cab dispatch notification text message without prior express consent to cellular telephones in violation of state and federal law. Defendants deny any wrongdoing and believe the dispatch notification text messaging complied with applicable law. Defendants have agreed to provide taxi ride Vouchers and cash payments to eligible Settlement Class Members, and other relief, to resolve the claims in this lawsuit.

Defendants' records show <u>you may be included in the Settlement Class</u> which includes all persons or entities who received at least one Orange Cab dispatch notification text message on their cellular telephone from RideCharge.

Settlement Class Members whose names and addresses were identified have been sent a $12 Voucher on the reverse side of this notice.  Settlement Class Members who submit a valid Claim Form will also be eligible to receive a cash payment of $48, as well as a $12 Voucher if they were not sent one earlier.

**How do I get a payment or a Voucher if a Voucher was not sent to me?** Go to www.taxitextsettlement.com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator.  Claim Forms must be submitted or postmarked by Month 00, 2017.

**What are my other options?** If you do not want to be legally bound by this settlement, you must exclude yourself by **Month 00, 2017**. Unless you exclude yourself, you will not be able to sue any of the Defendants or other Released Parties for any of the Released Claims. If you do not exclude yourself, you may object and notify the Court that you or your lawyer intends to appear at the Court's hearing. Objections must be postmarked by **Month 00, 2017**. For more information, including a more detailed Class Notice, Claim Form, and Settlement Agreement go to www.taxitextsettlement.com.

**Settlement Hearing:** The Court will hold a hearing on [MONTH & DAY], 201__, at XX:XX, to consider whether to approve: (1) the settlement; (2) Class Counsel's request for $991,392 in attorneys' fees and $130,000 in out-of-pocket litigation costs; and (3) a $7,500 Service Award to the Representative Plaintiff (Torrey Gragg). If approved, these fees, costs, and Service Award, as well as the costs of Class Notice and Settlement Administration will be paid by Defendants. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**www.taxitextsettlement.com**

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

# If you received an Orange Cab dispatch notification text message from RideCharge without your consent you could be entitled to benefits under a class action settlement.

*The United States District Court for the Western District of Washington authorized this Notice. This is not a solicitation from a lawyer.*

- A proposed settlement of a class action lawsuit relates to allegations that Orange Cab Co., Inc. and RideCharge, Inc. ("Defendants") sent text messages to cellular telephones in violation of state and federal law.  The case is known as *Gragg v. Orange Cab Co., Inc. and RideCharge, Inc.,* No. C12-0576RSL ("Action").

- Defendants deny all allegations of wrongdoing in the lawsuit.  Defendants claim they have abided by all state and federal laws, and that the Action is not well grounded in law or fact.  As part of the proposed settlement, Defendants do not admit to any wrongdoing, maintain their compliance with the law, and continue to deny the allegations against them.

- The proposed settlement provides for a $12 Orange Cab taxi ride Voucher to be sent automatically to some class members, and a cash payment and Voucher (if not already sent) to each class member submitting a valid Claim Form by _____, (an "Eligible Claimant").  The criteria for a valid Claim Form are described below.

- Defendants will also make certain changes to their practices and pay the costs to administer the settlement.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | Except for those who automatically received a Voucher along with notice of this settlement, this is the only way to get a payment or Voucher under the settlement. |
| EXCLUDE YOURSELF | Get no payment or Voucher under the settlement.  If you were sent a Voucher and exclude yourself, your Voucher will be invalidated.  This is the only option that allows you to be part of any other lawsuit against Defendants about the legal claims in the case. |
| OBJECT | Write to the Court about why you don't like the settlement.  You can do this only if you don't exclude yourself. |
| GO TO THE HEARING | Ask to speak in Court about the fairness of the settlement.  You can do this only if you don't exclude yourself. |
| DO NOTHING | Except for any Voucher sent with notice of this settlement, you will receive no payment or Voucher under the settlement and are |

**QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM**

|  | giving up your rights to assert any claims about the legal claims in the case against Defendants or those who may have called on their behalf. |
|---|---|

- This Notice explains these rights and options—**and the deadlines to exercise them**.

- The Court must decide whether to approve the settlement as part of the process described in this Notice.  Payments or Vouchers (as applicable) will be made if the Court approves the settlement.

<div style="background:gray">WHAT THIS NOTICE CONTAINS</div>

## Table of Contents

Page

**Basic Information**.................................................................................................................. **4**

    1.    Why did I get a Notice? ...................................................................... 4

    2.    What is the lawsuit about? ................................................................... 4

    3.    Why is this a class action? ................................................................... 4

    4.    Why is there a settlement? .................................................................. 4

**Who Is in the Settlement?** ..................................................................................................... **5**

    5.    How do I know if I am part of the settlement? ..................................... 5

    6.    Who is not included in the Class? ........................................................ 5

    7.    I'm still not sure if I am included .......................................................... 5

**The Settlement Benefits—What You Get** .............................................................................. **5**

    8.    What does the settlement provide? ..................................................... 5

    9.    What can I get from the settlement? .................................................... 5

**How You Get Payment, or a Voucher (as Applicable)—Submitting a Claim Form** ............. **6**

    10.    How can I get payment, or a Voucher (as applicable)? ........................ 6

    11.    When would I get my payment or a Voucher (as applicable)? .............. 6

    12.    What am I giving up if I remain in the Class? ...................................... 6

**Excluding Yourself from the Settlement** ............................................................................... **7**

**QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM**

13.   How do I get out of the settlement?...................................................... 7

14.   What is the effect if I exclude myself from this settlement? .................. 7

15.   If I don't exclude myself, can I sue Defendants for the same thing later? ............ 7

16.   If I exclude myself, can I get a payment or a Voucher (as applicable) from
      this settlement?.................................................................................... 7

**The Lawyers Representing You** ............................................................... **8**

17.   Do I have a lawyer in the case? ........................................................... 8

18.   How will the lawyers be paid?............................................................. 8

**Objecting to the Settlement** ...................................................................... **8**

19.   How do I tell the Court if I don't like the settlement?........................... 8

20.   What's the difference between objecting and excluding? ...................... 9

**The Court's Settlement Hearing**.............................................................. **9**

21.   When and where will the Court decide whether to approve the settlement?......... 9

22.   Do I have to come to the hearing? ....................................................... 9

23.   May I speak at the hearing? ................................................................. 9

**If You Do Nothing**..................................................................................... **9**

24.   What happens if I do nothing at all? .................................................... 9

**Getting More Information** ...................................................................... **10**

25.   Are there more details about the settlement?..................................... 10

26.   How do I get more information?.......................................................... 10

**QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM**

# Basic Information

| 1.        Why did I get a Notice? |
|---|

You received a postcard notice by direct mail if Plaintiff was able to locate a name and address associated with Defendants' records of attempted text transmissions to potential class members, and a previous notice sent to that address was not returned as undeliverable.  The postcard notice referred you to an informational web site which included this more detailed Notice.

The Court ordered that a Notice be sent to you because you have a right to know about a proposed settlement of the class action against Defendants and about your options, before the Court decides whether to approve the settlement.  If the Court approves it, an administrator appointed by the Court will provide the Vouchers or payments (as applicable) that the settlement allows.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  Please read this Notice carefully.

The United States District Court for the Western District of Washington has jurisdiction over this proposed settlement.  The person who sued is called the Plaintiff, and the companies he sued are called the Defendants.

| 2.        What is the lawsuit about? |
|---|

Orange Cab provides taxi services in the Greater Seattle-King County, Washington, area.  For a limited time, RideCharge provided a text-based, taxi dispatch notification service for Orange Cab.

Plaintiff filed a proposed class action lawsuit, the Action, against Defendants.

In the Action, Representative Plaintiff claimed, among other things, that Defendants sent text messages to cellular telephones in violation of state and federal law.  Defendants deny all allegations of wrongdoing and believe their text messages complied with applicable law.  Defendants have asserted many defenses they believe would be successful at trial.  In agreeing to settle, Defendants maintain that they complied with the law and do not admit any wrongdoing.  The settlement is not an admission of wrongdoing.

| 3.        Why is this a class action? |
|---|

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  In this case, the class representative is Plaintiff Torrey Gragg.  One court resolves the issues for all class members, except those who exclude themselves from the Class.  Robert S. Lasnik, United States District Court Judge for the Western District of Washington has jurisdiction over the case in which the parties have submitted this settlement for approval.

| 4.        Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and settlement benefits go to the class members.  The class representative and his attorneys think the settlement is best for the class

**QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM**

members.

# Who Is in the Settlement?

To see if you may qualify for a Voucher and payment (as applicable) from this settlement, you first have to determine whether you are a class member.

| 5. | How do I know if I am part of the settlement? |

Judge Lasnik has preliminarily decided that everyone who fits this description is a class member:

> All persons or entities who received at least one Orange Cab dispatch notification text message on their cellular telephone from RideCharge.

| 6. | Who is not included in the Class? |

The Class does *not* include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families. The Class also does not include any persons who validly request exclusion from the Class.

| 7. | I'm still not sure if I am included. |

If you are still not sure whether you are included, you can visit the settlement website, www.taxitextsettlement.com, for more information, or you can fill out and return the Claim Form described on page [____], in question [10].

# The Settlement Benefits—What You Get

| 8. | What does the settlement provide? |

Settlement Class Members whose names and addresses were identified have been sent a $12 Voucher with their direct mailed notice. Settlement Class Members who submit a valid Claim Form as described in Question [10] will also be eligible to receive a cash payment of $48, as well as a $12 Voucher if they were not sent one earlier.

In addition, for a period of two years after a final judgment is entered and becomes non-appealable, Defendants have agreed not to send or assist with the sending of any text messages to any class member, customer of Orange Cab, or resident of the State of Washington without the express consent required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Washington State Commercial Electronic Mail Act, RCW 19.190 *et seq.*

Defendants also agreed to pay the costs of settlement administration and reasonable attorneys' fees, costs, and a service award to Plaintiff for serving as the class representative.

| 9. | What can I get from the settlement? |

If you were identified as a potential class member, you were sent a $12.00 Voucher with your direct mailed notice.

If you submit a valid Claim Form online or postmarked by _____, you will be entitled to

**QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM**

receive a cash payment of $48.00 (subject to limitations described in Paragraphs 2.02 and 4.06 of the Settlement Agreement), as well as a Voucher if you were not sent one already,.

## How You Get Payment, or a Voucher (as Applicable)—Submitting a Claim Form

| 10.     How can I get payment, or a Voucher (as applicable)? |
| --- |

To qualify for payment, or a Voucher (if not already provided), you must submit a Claim Form. A Claim Form is available on the settlement website, www.taxitextsettlement.com.  Read the instructions carefully, fill out the Claim Form (answering all questions truthfully), and submit it over the Internet no later than _____, or print out a hard copy of the Claim Form, fill it out (answering all questions truthfully), sign it, and mail it to the Settlement Administrator with a postmark no later than _____.  The entire Claim Form must be filled out completely and meet the requirements of a valid Claim Form as set forth in the Agreement in order for you to receive a cash payment or Voucher (if not already provided).

| 11.     When would I get my payment or a Voucher (as applicable)? |
| --- |

The Court will hold a hearing on _____, to decide whether to approve the settlement.  If Judge Lasnik approves the settlement after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for the Claim Forms to be processed.  The settlement provides for payment as funding becomes available, which may not occur until late 2018.

| 12.     What am I giving up if I remain in the Class? |
| --- |

Unless you exclude yourself, you stay in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case.  If the settlement is approved and becomes final and not subject to appeal, then you and all class members release all "Released Claims" against all "Released Parties."

"Released Claims" means any and all claims, rights (including rights to restitution or reimbursement), demands, actions, causes of action, suits, liens, damages, attorneys' fees, obligations, contracts, liabilities, agreements, costs, expenses or losses of any nature, whether known or unknown, direct or indirect, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected, equitable or legal, and whether under federal statutory law, federal common law or federal regulation, or the statutes, constitutions, regulations, ordinances, common law, or any other law of any and all states or their subdivisions, parishes or municipalities that arise out of or relate in any way to sending text messages (including but not limited to texts using an "automatic telephone dialing system," "automatic dialing or announcing device") to any cellular telephone service or number for any purpose (including but not limited to solicitation, or informational purposes), that have been, or could have been, brought in the Action, as well as any claims arising out of the same nucleus of operative facts as any of the claims asserted in the Action. In addition, with respect to Representative Plaintiff only, "Released Claims" includes all claims arising, or that could arise in the future, out of any conduct or omissions occurring as of, or prior to, the Execution Date that might be attributable to Defendants.

## QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM

Released Parties" means Orange Cab Company, Inc., RideCharge, Inc., Verifone, Inc., along with their respective affiliates, parents, direct and indirect subsidiaries, agents, insurers, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, managers, employees, agents, contractors, servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf.

## Excluding Yourself from the Settlement

If you don't want payment or a Voucher from this settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the Released Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself and is sometimes referred to as "opting out" of the Class.  Defendants may terminate the settlement if a certain number of people exclude themselves from the Class.

| 13. | How do I get out of the settlement? |
|---|---|

To exclude yourself from the settlement, you must send a signed letter by mail stating that you "want to opt out of the Taxi Text Settlement."  Please be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than _____, to:

*Taxi Text Settlement*
Settlement Administrator
P.O. Box _____,
CITY, ST ZIP

You can't exclude yourself on the phone or by fax or email.

| 14. | What is the effect if I exclude myself from this settlement? |
|---|---|

If you ask to be excluded, you will not get any payment or a Voucher from this settlement, and any Voucher you received will be invalidated.  Also you cannot object to the settlement.  You will not be legally bound by anything that happens in the Action.  You may be able to sue (or continue to sue) Defendants in the future about the legal issues in this case.

| 15. | If I don't exclude myself, can I sue Defendants for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up your right to sue Defendants and the other Released Parties for the claims that this settlement resolves.  You must exclude yourself from *this* Class to pursue your own lawsuit.  Remember, your exclusion request must be postmarked on or before _____.

| 16. | If I exclude myself, can I get a payment or a Voucher (as applicable) from this settlement? |
|---|---|

No.  If you exclude yourself, do not send in a Claim Form to ask for any payment or a Voucher (as applicable) from this settlement.  Any Voucher you already received will be invalidated.

**QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM**

You may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Parties.

## The Lawyers Representing You

### 17.    Do I have a lawyer in the case?

The Court appointed Donald W. Heyrich of HKM Employment Attorneys LLP and Albert H. Kirby of Sound Justice Law Group PLLC to represent the Class.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  The Court will determine the amount of Class Counsel's fees and costs, which Defendants will pay as part of the settlement.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18.    How will the lawyers be paid?

Class Counsel will request from the Court an award of attorneys' fees up to $991,392 and out-of-pocket litigation costs of up to $130,000, and for a $7,500 Service Award for Plaintiff for serving as the class representative.  Defendants will pay Class Counsel's fees and costs, and the Service Award as awarded by the Court.  You have the right to object to the requested fees and costs, and Service Award.  Defendants will also pay the costs to administer the settlement from the Settlement Fund.

Class Counsel will file their papers in support of final approval of the settlement and their application for attorneys' fees and reimbursement of costs, and for the Service Award, by no later than _____ and _____, respectively.  These papers will also be posted on the settlement website (www.taxitextsettlement.com).

## Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

### 19.    How do I tell the Court if I don't like the settlement?

If you are a class member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a signed letter saying you object to the proposed settlement in *Gragg v. Orange Cab Co., Inc. et. al.*, No. 2:12-cv-00576-RSL (W.D. Wash.).  Be sure to include your name, address, telephone number, a statement indicating that you are a class member, your signature, and the reasons why you object to the settlement.  Your objection and any supporting papers must be postmarked by and mailed to Class Counsel at the following address no later than _____:

<div align="center">

Donald W. Heyrich

HKM Employment Attorneys LLP

600 Stewart Street

Suite 901

Seattle, WA 98101

</div>

## QUESTIONS?  VISIT WWW.TAXITEXTSETTLEMENT.COM

| 20. | What's the difference between objecting and excluding? |
|-----|--------------------------------------------------------|

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## The Court's Settlement Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 21. | When and where will the Court decide whether to approve the settlement? |
|-----|-------------------------------------------------------------------------|

The Court will hold a Settlement Hearing at _____ on _____, at the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 15128, Seattle, Washington 98101. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Lasnik will listen to people who have asked to speak at the hearing. The Court will also consider whether to approve the requested fees, costs, and Service Award. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 22. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Class Counsel will answer questions Judge Lasnik may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court and talk about it. As long as your written objection is postmarked by _____, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

| 23. | May I speak at the hearing? |
|-----|-----------------------------|

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in "*Gragg v. Orange Cab Co., Inc. et. al.*, No. 2:12-cv-00576-RSL (W.D. Wash.)." Be sure to include your name, address, telephone number, that you are a class member, a list of any documents you want the Court to consider, the names of any witnesses who you want to testify and your signature. Your Notice of Intention to Appear must be postmarked and sent to the address in Question [19], no later than _____. You cannot speak at the hearing if you exclude yourself.

## If You Do Nothing

| 24. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will not receive a payment or a Voucher (beyond any Voucher you may have received with direct mailed notice). Unless you exclude yourself from the Class, you won't

be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the legal issues resolved by this settlement, ever again.

## Getting More Information

| 25.    Are there more details about the settlement? |
| --- |

This Notice summarizes the proposed settlement.  More details appear in the Settlement Agreement and Release of Claims (the "Agreement").  Copies of the Agreement and the pleadings and other documents relating to the case are on file at the United States District Court for the Western District of Washington and may be examined and copied at any time during regular office hours at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington 98101.  The Settlement Agreement is also available at the settlement website, www.taxitextsettlement.com.

| 26.    How do I get more information? |
| --- |

You can visit the settlement website at www.taxitextsettlement.com, where you will find answers to common questions about the settlement, the Claim Form, plus other information, including a copy of the Settlement Agreement.  You may also write to: *Taxi Text Settlement*, Settlement Administrator, P.O. Box _____, CITY, ST ZIP.  **You should not direct questions to the Court**.

Dated: _____, 2017

By Order of the Court
CLERK OF THE COURT

# Settlement Claim Form
# www.taxitextsettlement.com

## Online Claim Form

To receive any relief to which you are entitled, please complete this form online **no later than[time] on [month, date], 2017**.  Forms submitted after this deadline will not be accepted.

You may also print a copy of this form, complete the requested information, and return it to **[address]** postmarked no later than **[date]**.  Forms that are not postmarked by this deadline will not be accepted.

Contact Information

First Name:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Last Name:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Country:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Address:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
City:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
State:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Zip:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Claim Control # (from postcard notice):⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**By submitting a claim form and seeking payment, you certify the following:**

- I received at least one Orange Cab dispatch notification text message from RideCharge at the following cellular telephone number(s):

  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯;

- I am an authorized user of the cell phone number at which such text message was received; and

- I did not provide prior express consent to receive the text message(s) from Orange Cab or RideCharge.

**I swear (or affirm) that the above statements and information provided on this Claim Form are true and correct to the best of my knowledge under penalty of perjury of the laws of the United States.**

Claimant Name:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

By typing your name above and submitting your claim form, you are electronically signing your name and attesting to the above information.

# EXHIBIT E

The Honorable Robert S. Lasnik

1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                     AT SEATTLE

9  TORREY GRAGG, on his own behalf and on    )
   behalf of similarly situated persons,      )    No. C12-0576RSL
10                                            )
                      Plaintiff,              )
11                                            )    **[PROPOSED] SETTLEMENT**
            v.                                )    **ORDER AND FINAL**
12                                            )    **JUDGMENT**
   ORANGE CAB COMPANY, INC., a                )
13 Washington corporation; and RIDECHARGE,   )
   INC., a Delaware corporation d/b/a TAXI    )
14 MAGIC,                                      )
                                              )
15                    Defendants.             )
                                              )
16 _____)

17              **SETTLEMENT ORDER AND FINAL JUDGMENT**

18         THIS MATTER came before the Court on Representative Plaintiff's motion for final

19 approval of the proposed class settlement (the "Settlement").  The Court has considered all

20 papers filed and proceedings in this matter and is fully informed regarding the facts surrounding

21 the proposed Settlement.  Based upon this information, the Court has determined to approve the

22 proposed Settlement as fair, reasonable and adequate.  The Court hereby enters this Settlement

23 Order and Final Judgment ("Final Judgment"), which constitutes a final adjudication on the

24 merits of all claims of the Settlement Class.

25         On _____, 2016, this Court granted preliminary approval to the proposed

26 Settlement between Representative Plaintiff and Defendants Orange Cab Co., Inc. and

27 RideCharge, Inc. (collectively, "Defendants").  The proposed Settlement resolves all of the

Settlement Class's claims against Defendants in exchange for Defendants' agreement to provide certain monetary and non-monetary relief to Settlement Class Members as set forth in the Agreement.  On _____, 2016, this Court held a Settlement Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorneys' fees and costs ("Fee Application"), and Service Award to the Representative Plaintiff.  The Court heard argument from counsel and others who elected to appear to voice their support for, or objection to, the Settlement and/or the Fee Application.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel and presentations by members of the Class who appeared at the hearing; Class Counsel's Fee Application; the Agreement; and the pleadings, the Court finds and concludes as follows:

1.     ***Definitions***.  The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Final Judgment as though fully set forth herein.

2.     ***Jurisdiction***.  This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiff and all members of the Settlement Class.

3.     ***Settlement Approval***.  The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class.  The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4.     ***Class Certification***.  This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order").  Accordingly, this Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5.     ***Exclusion from Settlement Class***.  Certain members of the Settlement Class have timely requested to be excluded from the Class and the Settlement.  Exhibit A, attached hereto,

1  lists the Settlement Class Members who timely requested exclusion from the Settlement Class.

2  Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on

3  Exhibit A.

4        6.     ***Objections Overruled***.  The Court has considered and hereby overrules all

5  objections brought to the Court's attention, whether properly filed or not.

6        7.     ***No Admission***.  Neither this Final Judgment nor the Agreement is an admission or

7  concession by Defendants of the validity of any claims or of any liability or wrongdoing or of

8  any violation of law.  This Final Judgment and the Agreement do not constitute a concession and

9  shall not be used as an admission or indication of any wrongdoing, fault, or omission by

10  Defendants or any other person in connection with any transaction, event or occurrence, and

11  neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor

12  any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or

13  administrative action or proceeding, other than such proceedings as may be necessary to

14  consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or

15  to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of

16  claims released in the Agreement.

17        8.     ***Dismissal with Prejudice***.  This Court hereby dismisses with prejudice all claims

18  of members of the Settlement Class against Defendants arising from the sending of text messages

19  to a cellular telephone for any purpose, regardless of the theory of recovery or alleged

20  wrongdoing as set forth in the Agreement.

21        9.     ***Release***.  Representative Plaintiff, for himself and as the representative of the

22  Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out

23  and each of their respective agents, successors, heirs, assigns, and any other person who can

24  claim by or through them in any manner, fully, finally, and forever irrevocably release,

25  relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

26        10.    ***Injunction Against Asserting Released Claims.***  Representative Plaintiff, all

27  Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement

Class Members, either directly, representatively or in any other capacity, are permanently enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed in Exhibit A who timely requested exclusion from the Settlement Class.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

11.     ***General Release Acknowledgement***.  By operation of this Final Judgment, the Representative Plaintiff and Defendants expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply.  California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12.     ***Class Notice***.  The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement.  The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances.  The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice.  The Class Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the

Settlement and appear at the Settlement Hearing.  The Court has afforded a full opportunity to all Settlement Class Members to be heard.  Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Judgment.

13.    ***Notifications to Appropriate Federal and State Officials***.  Within ten (10) days after the filing of the proposed Agreement in this Court, Defendants served a notice of the proposed Settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States.  The Court finds that the notice provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendants provided the required notice, as required by 28 U.S.C. § 1715(d).

14.    ***Continuing Jurisdiction***.  Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, Service Award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

15.    ***Service Award***.  As an incentive payment in compensation for the time, effort, and risk he undertook as representative of the Settlement Class, the Court hereby awards $_____ to Torrey Gragg.

16.    ***Class Counsel Fee and Cost Award***.  The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and costs advanced.  The Court has concluded that:  (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make available to Settlement Class Members certain monetary and non-monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a

contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their costs; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiff, who has reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application and has approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application.  Based upon these conclusions, and finding that Class Counsel's Fee Application is meritorious, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees in the amount of $_____ and costs in the amount of $_____, for a total aggregate amount of $_____. This amount aggregate payment to Class Counsel is reasonable considering the significant effort by Class Counsel, the quality of the result achieved for the Class, the skill and persistence of Class Counsel in achieving the result, and the uncertainty of the result in contrast to Class Counsel's significant outlays in time and money to advance the interests of the Class. All such fees and costs are in lieu of statutory fees and costs that Representative Plaintiff and/or the Settlement Class might otherwise have been entitled to recover.

17.   ***Payment Timing***.  Defendants shall pay the fee and cost award to Class Counsel and the Service Award to Representative Plaintiff, as well as amounts due to eligible Settlement Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

**IT IS SO ORDERED.**

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

*Presented by:*

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant RideCharge, Inc.

By: _____
      Kenneth E. Payson, WSBA #26369
      Jaime Drozd Allen, WSBA # 35742
      James Harlan Corning, WSBA #45177
      Jordan A. Clark, WSBA #49659
      1201 Third Avenue, Suite 2200
      Seattle, WA 98101-3045
      Tel:  (206) 622-3150
      kenpayson@dwt.com
      jaimeallen@dwt.com
      jamescorning@dwt.com
      jordanclark@dwt.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant Orange Cab, Inc.

By _____
      Benjamin A. Stone, WSBA #33436
      John T. Bender, WSBA #49658
      1111 3rd Ave Ste 2700
      Seattle, WA  98101-3224
      Tel:  (206) 436-2020
      Benjamin.Stone@lewisbrisbois.com
      John.Bender@lewsbrisbois.com

HKM EMPLOYMENT ATTORNEYS LLP
Attorneys for Plaintiff

By: _____
      Donald W. Heyrich, WSBA #23091
      600 Stewart Street, Suite 901
      Seattle, Washington  98101
      Tel: (206) 838-2504
      dheyrich@hkm.com

By: _____
      Albert H. Kirby, WSBA #40187
      SOUND JUSTICE LAW GROUP PLLC
      936 N. 34th St., Ste. 300
      Seattle, WA 98103
      Tel: (206) 389-3210
      ahkirby@soundjustice.com

SETTLEMENT ORDER AND FINAL JUDGMENT
(C12-0576RSL) — 8
Block DocID