The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORREY GRAGG, on his own behalf and on behalf of similarly situated persons,<br><br>                Plaintiff,<br><br>     v.<br><br>ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware corporation d/b/a TAXI MAGIC,<br><br>                Defendants. | No. C12-0576RSL<br><br>**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Based upon the parties' stipulation and this Court's order clarifying the claim form deadline, Dkt. ## 203, 204, the Court enters this amended order granting preliminary approval of the class action settlement.

Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A.    Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Settlement Class and a hearing, to settle this Action on the terms and conditions set forth in the Settlement Agreement and Release of Claims (the "Agreement").

B.    The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as

AMENDED ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 1

though fully set forth in this Order.  Capitalized terms shall have the meanings attributed to them in the Agreement.

C. Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter a Settlement Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1. ***Preliminary Approval of Proposed Settlement***.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate.  The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Settlement Hearing described below.

2. ***Class Certification for Settlement Purposes Only***.

    (a) Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes only, conditionally certifies the following Settlement Class:

> All persons or entities who received at least one Orange Cab dispatch notification text message on their cellular telephone from RideCharge.

    (b) In connection with the certification, the Court makes the following preliminary findings:

        (1) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) because the Settlement Class appears to be so numerous that joinder of all members is impracticable;

        (2) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Settlement Class;

        (3) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Representative Plaintiff named in the caption appear to be typical of the claims being resolved through the proposed settlement;

(4) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiff appears to be capable of fairly and adequately protecting the interests of the above-described Settlement Class in connection with the proposed settlement and because counsel representing the Settlement Class are qualified, competent, and capable of prosecuting this action on behalf of the Settlement Class.

(5) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and because settlement with the above-described Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. The Settlement Class appears to be sufficiently cohesive to warrant settlement by representation.

(c) In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a Settlement Class.

3. ***Representative Plaintiff***. For settlement purposes only, the Court hereby appoints Plaintiff Torrey Gragg as Representative Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Mr. Gragg has and will fairly and adequately protect the interests of the Settlement Class.

4. ***Class Counsel***. For settlement purposes only, the Court appoints Donald W. Heyrich of HKM Employment Attorneys LLP and Albert H. Kirby of Sound Justice Law Group PLLC as counsel for the Settlement Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

5. ***Settlement Administrator***. The Court appoints JND Legal Administration as the Settlement Administrator, which shall fulfill the Settlement Administration functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order.

AMENDED ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 3

6. *Settlement Hearing*.  A final approval hearing (the "Settlement Hearing") shall be held before this Court on December 7, 2017, at 9:00 a.m., as set forth in the Class Notice (described in Paragraph 7 below), to determine whether the Agreement is fair, reasonable, and adequate and should be given final approval.  Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees and costs, and for a Service Award to the Representative Plaintiff (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 14, below.  The Court may postpone, adjourn, or continue the Settlement Hearing without further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

7. *Class Notice*.  The Court approves the form and content of the notices substantially in the forms attached as Exhibits B, C, and D to the Agreement.  Defendants shall comply with the notice requirements of Paragraph 3.03 of the Agreement.  In compliance with that Paragraph, beginning no later than thirty (30) days after entry of this Order, Defendants shall cause notice to be delivered in the manner set forth in the Agreement to all Settlement Class Members who can be identified with reasonable effort.  Class Notices sent by postcard via U.S. Mail shall be substantially in the form attached as Exhibit B to the Agreement, Class Notice by publication shall be substantially in the form attached as Exhibit C to the Agreement, and a Class Notice substantially in the form attached as Exhibit D to the Agreement shall be posted at a website, the Internet address for which shall be disclosed in the Class Notices transmitted by U.S. Mail and by publication.

8. *Filing of CAFA Notice.*  Before the Settlement Hearing, Defendants shall file with the Court information regarding their compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9. *Findings Concerning Class Notice*.  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Paragraph 3.03 of the

Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class.  The Court finds that the notice plan is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

10. ***Exclusion from Settlement Class***.  Each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Settlement Class may mail a written request for exclusion, in the form specified in the Class Notice, to the Settlement Administrator at the address set forth in the Class Notice.  All such written requests must be postmarked by sixty (60) days after Class Notice is sent.  All persons who properly request exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be finally approved.  The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

11. ***Right to Abrogate Agreement.***  In the event more than a previously-agreed number of Settlement Class Members to whom Defendants transmit notice timely exclude themselves from the Settlement Class, Defendants shall have the unilateral right to abrogate the Agreement by written notice of abrogation to Class Counsel in accordance with the procedures set forth in the Agreement.  If Defendants exercise their right to abrogate the Agreement, then all aspects of the Agreement and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect of the Agreement, the settlement, or this Order shall serve as legal precedent or as any basis for legal or factual argument in this or any other case.

12. ***Claims Procedures***.  The Court approves the claims procedures set forth in the Agreement.  The Court approves the form and content of the Claim Form substantially in the

form attached as the last page of Exhibit D to the Agreement.  A valid Claim Form, as defined in Paragraph 4.03 of the Agreement, must be submitted as required in the Class Notice over the Internet or postmarked no later than sixty (60) days after Class Notice is sent.  Such deadline may be further extended by Court Order.  Each Claim Form shall be deemed to have been submitted when submitted over the Internet or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no more than one hundred and fifty (150) days after the date on which Defendants commence transmittal of Class Notice.  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

13. ***Costs of Class Notice and Claims Processing.***  Defendants shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Action and of processing claims, which shall be paid from the Settlement Fund.

14. ***Objections and Appearances***.

(a) ***Written Objections***.  Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement, or the Fee and Expense Application.  Any Settlement Class Member who wishes to object to the Settlement, must submit his or her objection in writing to Class Counsel, Attn:  Donald W. Heyrich of HKM Employment Attorneys LLP, 600 Stewart Street, Suite 901, Seattle, Washington 98101, postmarked no later than sixty (60) days after the date that Class Notice is sent.  Class Counsel will file copies with the Court via ECF.  Objecting Settlement Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they (i) believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class or (ii) object to the Fee and Expense Application.  Any objection not timely made in this manner shall be waived and forever barred.

(b) ***Appearance at Settlement Hearing.***  Any objecting Settlement Class Member who wishes to address the Court at the Settlement Hearing must indicate his or her

intent to do so in writing to Class Counsel at the same time that the Settlement Class Member submits the objection and must identify any witnesses and documents that he or she intends to use or submit at the Settlement Hearing. Class Counsel will inform the Court and Defendants' counsel accordingly. Any Settlement Class Member who does not timely deliver a written objection and notice of intention to appear by sixty (60) days after the date that Class Notice is sent, in accordance with the requirements of this Order, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c) ***Fees and Cost Application***. Class Counsel shall file their Fee and Cost Application, together with all supporting documentation, by no later than fourteen (14) days after Class Notice is sent, sufficiently in advance of the expiration of the objection period that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d) ***Motion for Final Approval and Responses to Objections***. Representative Plaintiff shall file with the Court his motion for final approval of the Settlement and any responses to objections to the Agreement or the Fee and Cost Application, together with all supporting documentation, within twenty-one (21) days after the deadline for serving objections.

15. ***Dates of Performance***. In summary, the dates of performance are as follows:

(a) Defendants shall send the Class Notice to potential Settlement Class Members on or before March 31, 2017, i.e., within thirty (30) days after entry of this Order;

(b) Representative Class Counsel's Fee and Expense Application, and all supporting materials, shall be filed no later than April 14, 2017, i.e., within fourteen (14) days after Class Notice is sent;

(c) Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by May 30, 2017, i.e., within sixty (60) days after Class Notice is sent;

(d) All objections to the Agreement or the Fee and Cost Application shall be filed and served by May 30, 2017, i.e., within sixty (60) after Class Notice is sent;

(e)     Representative Plaintiff's final approval motion, responses to objections, and all supporting materials, shall be filed by June 20, 2017, i.e., within twenty-one (21) days after expiration of the deadline for objections;

(f)     The Settlement Hearing shall be held on October 5, 2017, at 9:00 a.m., i.e., at least one hundred twenty-five (125) days after commencement of Class Notice; and

(g)     Settlement Class Members who desire to submit Claim Forms shall do so by May 30, 2017.

16.     ***Effect of Failure to Approve the Agreement***.  In the event the Court does not finally approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Representative Plaintiff on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action for purposes of considering settlement approval; and

(d)     Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

17.     ***Discretion of Counsel.***  Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with

AMENDED ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 8

this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

18. ***Stay of Proceedings Pending Approval of the Settlement.*** All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

19. ***Injunction Against Asserting Released Claims Pending Settlement Approval.*** Pending final determination of whether the settlement should be approved, Representative Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

20. ***Reservation of Rights and Retention of Jurisdiction.*** The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Dated: March 28th, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

AMENDED ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(C12-0576RSL) — 9