The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TORREY GRAGG, on his own behalf and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE CAB COMPANY, INC., a Washington corporation; and RIDECHARGE, INC., a Delaware corporation d/b/a TAXI MAGIC,<br><br>Defendants. | No. C12-0576RSL<br><br>[~~PROPOSED~~] **SETTLEMENT ORDER AND FINAL JUDGMENT** |

**SETTLEMENT ORDER AND FINAL JUDGMENT**

THIS MATTER came before the Court on Representative Plaintiff's motion for final approval of the proposed class settlement (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair, reasonable and adequate. The Court hereby enters this Settlement Order and Final Judgment ("Final Judgment"), which constitutes a final adjudication on the merits of all claims of the Settlement Class.

On March 1, 2017, this Court granted preliminary approval to the proposed Settlement between Representative Plaintiff and Defendants Orange Cab Co., Inc. and RideCharge, Inc. (collectively, "Defendants"). Dkt. No. 202. On March 28, 2017, the Court issued an Amended

SETTLEMENT ORDER AND FINAL JUDGMENT
(C12-0576RSL) — 1
Block DocID

Order Granting Preliminary Approval of Class Action Settlement. Dkt. No. 205. The proposed Settlement resolves all of the Settlement Class's claims against Defendants in exchange for Defendants' agreement to provide certain monetary and non-monetary relief to Settlement Class Members as set forth in the Agreement.

On October 5, 2017, this Court held a Settlement Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorneys' fees and costs ("Fee Application"), and Service Award to the Representative Plaintiff. The Court heard argument from counsel and any others who elected to appear to voice their support for, or objection to, the Settlement and/or the Fee Application.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel and presentations by members of the Class who appeared at the hearing; Class Counsel's Fee Application; the Agreement; and the pleadings, the Court finds and concludes as follows:

1. ***Definitions***. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Final Judgment as though fully set forth herein.

2. ***Jurisdiction***. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiff and all members of the Settlement Class.

3. ***Settlement Approval***. The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. ***Class Certification***. This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). Accordingly, this Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5. ***Exclusion from Settlement Class.*** No members of the Settlement Class have timely requested to be excluded from the Class and the Settlement.

6. ***Objections Overruled.*** No members of the Settlement Class have objected to the settlement.

7. ***No Admission.*** Neither this Final Judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by Defendants or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8. ***Dismissal with Prejudice.*** This Court hereby dismisses with prejudice all claims of members of the Settlement Class against Defendants arising from the sending of text messages to a cellular telephone for any purpose, regardless of the theory of recovery or alleged wrongdoing as set forth in the Agreement.

9. ***Release.*** Representative Plaintiff, for himself and as the representative of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10. ***Injunction Against Asserting Released Claims.*** Representative Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are permanently

SETTLEMENT ORDER AND FINAL JUDGMENT
(C12-0576RSL) — 3
Block DocID

enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed in Exhibit A who timely requested exclusion from the Settlement Class. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

11. **General Release Acknowledgement.** By operation of this Final Judgment, the Representative Plaintiff and Defendants expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. **Class Notice.** The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the Settlement Hearing. The Court has afforded a full opportunity to all

SETTLEMENT ORDER AND FINAL JUDGMENT
(C12-0576RSL) — 4
Block DocID

Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Judgment.

13. ***Notifications to Appropriate Federal and State Officials***. Within ten (10) days after the filing of the proposed Agreement in this Court, Defendants served a notice of the proposed Settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendants provided the required notice, as required by 28 U.S.C. § 1715(d).

14. ***Continuing Jurisdiction***. Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, Service Award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

15. ***Service Award***. As an incentive payment in compensation for the time, effort, and risk he undertook as representative of the Settlement Class, the Court hereby awards $7,500 to Torrey Gragg.

16. ***Class Counsel Fee and Cost Award***. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and costs advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make available to Settlement Class Members certain monetary and non-monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that

they would receive compensation for their services or recover their costs; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiff, who has reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application and has approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application. Based upon these conclusions, and finding that Class Counsel's Fee Application is meritorious, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees in the amount of $991,392 and costs in the amount of $110,553, for a total aggregate amount of $1,101,945. This amount aggregate payment to Class Counsel is reasonable considering the significant effort by Class Counsel, the quality of the result achieved for the Class, the skill and persistence of Class Counsel in achieving the result, and the uncertainty of the result in contrast to Class Counsel's significant outlays in time and money to advance the interests of the Class. All such fees and costs are in lieu of statutory fees and costs that Representative Plaintiff and/or the Settlement Class might otherwise have been entitled to recover.

17. **Payment Timing.** Defendants shall pay the fee and cost award to Class Counsel and the Service Award to Representative Plaintiff, as well as amounts due to eligible Settlement Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

**IT IS SO ORDERED.**

Dated: 5 October 2017

_____
UNITED STATES DISTRICT COURT JUDGE

SETTLEMENT ORDER AND FINAL JUDGMENT
(C12-0576RSL) — 6
Block DocID

*Presented by:*

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant RideCharge, Inc.

By: */s/ Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
Jaime Drozd Allen, WSBA # 35742
James Harlan Corning, WSBA #45177
Jordan A. Clark, WSBA #49659
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150
kenpayson@dwt.com
jaimeallen@dwt.com
jamescorning@dwt.com
jordanclark@dwt.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant Orange Cab, Inc.

By */s/ Benjamin A. Stone*
Benjamin A. Stone, WSBA #33436
John T. Bender, WSBA #49658
1111 3rd Ave Ste 2700
Seattle, WA 98101-3224
Tel: (206) 436-2020
Benjamin.Stone@lewisbrisbois.com
John.Bender@lewsbrisbois.com

HKM ATTORNEYS
Attorneys for Plaintiff

By: */s/ Donald W. Heyrich*
Donald W. Heyrich, WSBA #23091
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504
dheyrich@hkm.com

Albert H. Kirby, WSBA #40187
SOUND JUSTICE LAW GROUP PLLC
936 N. 34th St., Ste. 300
Seattle, WA 98103
Tel: (206) 389-3210
ahkirby@soundjustice.com

SETTLEMENT ORDER AND FINAL JUDGMENT
(C12-0576RSL) — 7
Block DocID